**Horace MONCRIEF, b/n/f Elaine Moncrief, Plaintiffs-Appellants,**

v.

**Dr. William FUQUA, Defendant-Appellee.**

Court of Appeals of Tennessee, Middle Section.

Dec. 28, 1979.

Rehearing Denied Apr. 25, 1980.

Certiorari Denied by Supreme Court Sept. 2, 1980.

Fyke Farmer, Nashville, for plaintiffs-appellants.

Lon P. McFarland, Columbia, Dan E. McGugin, Jr., Watkins, McGugin, McNeilly & Rowan, Nashville, for defendant-appellee.

OPINION

SHRIVER, Presiding Judge.

· The Case

This is a medical malpractice case growing out of defendant's treatment in July

and August, 1967 of plaintiff for a urinary tract infection and for encephalitis.

The present suit was eventually dismissed on defendant's motion for summary judgment, from which judgment plaintiff appealed and has filed his Statement of Issues for Review.

The Pleadings and Proceedings Below

The present complaint, filed in the Circuit Court of Maury County March 29, 1971 alleges, inter alia, that plaintiff, on or about July 17, 1967, consulted defendant, Dr. William Fuqua, a practicing physician in Columbia, Tennessee, for a condition which defendant diagnosed as prostatitis; that defendant prescribed a drug called Seromycin for treatment of this condition; that Seromycin is a powerful anti-tuberculin drug manufactured and marketed by Eli Lilly Company and that said drug is extremely toxic and capable of creating severe adverse effects on the central nervous system; that defendant prescribed this drug without first determining whether plaintiff was susceptible to its toxic effects; that after taking the drug on July 17, 1967, plaintiff suffered adverse effects therefrom, and that on July 27, 1967, on consultation with defendant, plaintiff was put in the Maury County Hospital but was released on August 12, 1967 after a period of severe illness, including mental confusion, which condition became progressively worse to the point that his family found it impossible to care for him at home and in April, 1969, he was admitted to the Veterans Administration Hospital in Murfreesboro and while there, he filed his original complaint against defendant.

The record shows that on *November 20, 1969,* plaintiff filed his first suit against defendant in the Circuit Court of Maury County under Docket No. 7051, charging that defendant had negligently prescribed Seromycin which gave plaintiff a drug-induced encephalitis and on the theory that defendant wrongfully concealed from plaintiff the fact that the medication had caused the illness of encephalitis and, therefore, the running of the Statute of Limitations had been tolled.

Plaintiff took a non-suit in this case on *August 4, 1970.* It is to be noted also that plaintiff had filed a separate companion suit in the Circuit Court of Maury County against Eli Lilly Company charging that said Company wrongfully manufactured and sold Seromycin to be used for the purpose for which Dr. Fuqua prescribed it and that said drug induced encephalitis from which plaintiff was suffering.

On *August 20, 1970,* plaintiff filed his second suit in the Circuit Court of Maury County under Docket No. 7254, naming Dr. Fuqua and Eli Lilly Company as co-defendants, based on the same theory that plaintiff was suffering from encephalitis induced by the administration of Seromycin.

Again, plaintiff took a non-suit in this case on *March 29, 1971.*

On the same date, to-wit, *March 29, 1971,* plaintiff filed his third suit against Dr. Fuqua in the Circuit Court of Maury County under Docket No. 7404, which is the suit now before this Court on appeal.

Simultaneously, plaintiff filed a separate suit in the Circuit Court of Maury County against Eli Lilly Company, which suit was subsequently removed to the Federal District Court for the Middle District of Tennessee, Columbia Division, and which suit was subsequently tried before the Court and a jury and was dismissed on a directed verdict for the defendant.

The record indicates that counsel for the parties agreed that the case at bar would be permitted to remain inactive pending the outcome of the case against Eli Lilly Company in the Federal District Court.

On *December 10, 1975,* as hereinabove indicated, after a three day trial the case against Eli Lilly Company in the Federal District Court resulted in a judgment in favor of the defendant. As stated by the then attorney for plaintiff, Mr. Alfred H. Knight:

"At the conclusion of all the proof the District Court entered a directed verdict in favor of the defendant on the basis that there was insufficient proof as to the cause of the plaintiff's injury."

On *December 18, 1975*, on motion, Mr. Knight was allowed to withdraw from the case.

On *May 4, 1976*, Judge Joe Ingram, Judge of the Circuit Court of Maury County, sua sponte dismissed the suit at bar, assigning as the reason therefor the failure of plaintiff to obtain new counsel which, as stated by counsel for defendant, may have been an inadvertent misselection of words. In any event, on *September 13, 1976*, Mr. Fyke Farmer filed for writ of error, bringing said cause before the Court of Appeals, which resulted in a reversal of the Trial Court's action and the cause was remanded to the Circuit Court of Maury County.

The record indicates that while the appeal by writ of error was pending, counsel for plaintiff, for the ostensible purpose of preventing the running of the Statute of Limitations, filed a complaint in a new action, Docket No. 9052, making certain allegations with regard to plaintiff's condition which were in addition to the allegations previously made. Said action filed on *May 3, 1977* was the fourth suit filed by plaintiff against defendant Fuqua in the Circuit Court of Maury County.

On *June 28, 1977*, defendant filed a Motion for Summary Judgment with supporting affidavits of the defendant Fuqua, Dr. Carl F. Luckey, Dr. Bertram Sprofkin, and Dr. Oscar Carter.

On *September 21, 1977*, defendant moved to require plaintiff to elect in which of the two pending actions he would proceed. Thereafter, on October 7, 1977, plaintiff moved for leave to withdraw the original complaint filed in this case and substitute in lieu thereof the complaint which had been filed in Case No. 9052 and on that date plaintiff amended in longhand his complaint and substituted it for the complaint originally filed in the case.

As to defendant's original Motion for Summary Judgment which was filed as to the amended complaint above referred to, defendant, in addition to the affidavits above mentioned of defendant and three other doctors, also filed a supplement to the motion supported by the affidavits of Dr. Fuqua and Dr. Carl C. Gardner, specifically directed to the amendments in the Amended Complaint. Defendant also filed his Answer at that time.

On *October 2, 1978*, the Circuit Court Clerk notified plaintiff's attorney that the case was set for trial on December 4, 1978, and October 20th, plaintiff's attorney was served with the Motion for Summary Judgment, Supplement thereto, Answer of defendant filed on February 18, 1978, and on *November 14, 1978*, plaintiff's attorney was notified that defendant's Motion for Summary Judgment was set for hearing on Friday, November 24, 1978, at 9:25 a.m.

The cause was called for hearing before Honorable Joe Ingram, Presiding Judge, whereupon, plaintiff filed a joint affidavit of Elaine Moncrief and Fyke Farmer, sworn to on November 24, 1978, and filed on that date, which appears to be the only evidence filed in opposition to the affidavits of five physicians, which affidavits had been filed more than thirty days previously by the defendant.

Thereupon, plaintiff moved that Judge Ingram recuse himself, whereupon, the Judge did so and assigned the case for hearing to Judge James L. Weatherford who heard the matter on that day as set forth in the proceedings on the motion presented to the Court on November 24, 1978, and took the matter under advisement.

Thereafter, on *November 27, 1978*, Judge Weatherford filed his Memorandum Opinion and Order sustaining the Motion for Summary Judgment, as supplemented, dismissing plaintiff's suit, for the reasons set forth in said Memorandum Opinion.

The said "Memorandum Opinion and Order" is as follows:

## "MEMORANDUM OPINION AND ORDER

The plaintiff has sued the defendant in a medical malpractice action. This action is before the Court on a Motion for Summary Judgment filed on behalf of the

defendant which is supported by affidavits of various medical doctors.

The plaintiff responded to the Motion for Summary Judgment with an affidavit of the plaintiff's wife and plaintiff's attorney, neither of which are medical doctors. The affidavit filed on behalf of the plaintiff denies all of the material allegations contained in the Motion for Summary Judgment and the supplement to said motion and asks for a continuance of the Motion for Summary Judgment and a continuance of the case which is set for trial on December 4 and 5, 1978.

The Court will first address itself to the motions to continue the hearing on the Motion for Summary Judgment and the case.

There is a long history behind this case and that dates back to 1969, the details of which need not be outlined in this opinion.

All attorneys of record were informed by the Clerk of this Court that this case was set for trial on December 4, 1978, by letter dated October 2, 1978.

On October 19, 1978, the Supplement to Motion for Summary Judgment was filed on behalf of the defendant, the original motion for Summary Judgment having been filed on June 28, 1977.

Notice was given to plaintiff by defendant on November 15, 1978 that the motion would be presented to the Court on November 24, 1978.

Plaintiff served his affidavit in response to the Motion for Summary Judgment on November 23, 1978 and the same was filed on November 24, 1978.

The present attorney for the plaintiff has been involved in this case for more than two years. (September 13, 1976).

Plaintiff's affidavits state, 'they allege that they are unable at the present time to produce competent opinion, by affidavit, supporting the claim of malpractice and justifying plaintiff's opposition to the Motion for Summary Judgment.'

The Court is of the opinion that the plaintiff has had ample time to obtain proper affidavits, if possible, also that plaintiff has had ample time to prepare for trial.

Therefore, the plaintiff's motion to continue the hearing on the Motion for Summary Judgment and motion to continue the case are overruled.

The Motion for Summary Judgment and the Supplement to Motion for Summary Judgment are both supported by affidavits of medical experts.

The complaint in this malpractice action alleges matters not within common knowledge of laymen, therefore expert testimony is required.

The Rules of Civil Procedure, Rule 56.-05, provides in part as follows:

'When a Motion for Summary Judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, Summary Judgment, if appropriate, shall be entered against him.'

The Court is of the opinion that the affidavits of plaintiff's wife and plaintiff's attorney are ineffectual in response to defendant's Motion for Summary Judgment and the supporting affidavits of medical experts.

The defendant's Motion for Summary Judgment is sustained and the plaintiff's suit is accordingly dismissed.

The costs of this action are taxed against the plaintiff. The plaintiff is allowed thirty (30) days in which to perfect his appeal.

Enter this 27th day of November, 1978.

/s/ James L. Weatherford
Circuit Judge"

On *December 21, 1978*, plaintiff filed a Petition to Rehear the order of dismissal in which he set forth his arguments and reasons for his insistence that the petition should be granted, but said petition was not supported by any evidence.

In the Reply Brief of defendant-appellee (p. 10), the following statement is made which appears to be supported by the record:

On *January 10, 1979*, plaintiff filed Amendment to plaintiff's Petition to Rehear, accompanied by what purported to be a machine copy of an unsworn, unsigned, unverified and uncertified discovery deposition taken from a Dr. William Shaffner on September 12, 1972, in another case by other counsel. [R.Tr., pp. 72–144] No explanation was made or reason given why this had not been offered at, or prior to the hearing on November 24, 1978 . . . .

On *January 23, 1979*, plaintiff filed plaintiff's Motion for leave to amend his Complaint which had been previously dismissed along with a twenty-six (26) page Affidavit of Mrs. Elaine Moncrief, a lay person, and exhibits thereto."

It appears also that the plaintiff filed the deposition of Dr. William Fuqua taken November 14, 1978, the deposition of Dr. Bertram Sprofkin taken November 16, 1978, and the deposition of Dr. Carl C. Gardner taken November 21, 1978, which appear to have been transcribed and delivered to counsel prior to and were available at the hearing of November 24, 1978, on the Motion for Summary Judgment, and counsel for defendant argues that no explanation or excuse was made as to why these depositions were not filed and relied on at the hearing on November 24th.

Thereafter, on January 25, 1979, plaintiff filed the affidavit of Dr. Charles D. Proctor, with an attached copy of his Curriculum Vitae which shows that he has a Doctor of Philosophy Degree but is not a Medical Doctor.

Thereafter, on May 9, 1979, Judge Weatherford filed another Memorandum Opinion and Order wherein he denied plaintiff's Petition to Rehear for reasons set forth therein.

In said Memorandum Opinion and Order, it is recited, inter alia, that on January 23, 1979, plaintiff filed a Motion for Leave to Amend along with a twenty-seven page affidavit of Mrs. Horace Moncrief in support of the Petition to Rehear the dismissal action with five exhibits attached thereto, which affidavit gives a history of the illness of Mrs. Moncrief's husband and refers to medical records, depositions, etc., and it is recited that on the day that plaintiff's Petition to Rehear was submitted to the Court, he filed an affidavit of Dr. Charles D. Proctor, Professor and Chairman of the Department of Pharmacology at Meharry Medical College in Nashville, Tennessee. It is also stated that plaintiff filed on January 10, 1979, the deposition of Dr. William Shaffner that was taken in the case of Horace Moncrief, etc. v. Eli Lilly Company, filed in the United States District Court in 1973, along with the depositions of Doctors Sprofkin, Gardner and defendant, Dr. Fuqua.

The Court then states:

"The Court has carefully considered every pleading exhibit, deposition, affidavit and brief filed by plaintiff, which was very time consuming.

The Court feels that the affidavits of Mrs. Moncrief and Dr. Charles D. Proctor came too late; however, the Court did consider these affidavits and finds them ineffectual in response to defendant's Motion for Summary Judgment and the supporting affidavits of medical experts.

The Court is of the opinion that the plaintiff does not have expert medical testimony as would be required in this type of case, available. The Court is further of the opinion that plaintiff has had ample time to obtain proper expert medical testimony by deposition or affidavit, if possible. Plaintiff's affidavit, filed November 24, 1978, stated: 'They are unable at the present time to produce competent opinion by affidavit supporting the claim of malpractice and justifying plaintiff's opposition to the Motion for Summary Judgment.' Also, the plaintiff's attorney who has been involved in this case for more than two years prior to the hearing on the Motion on November 24, 1978, stated at the hearing of the Motion: 'This Court wants a fair trial of issues, and I need time to get the proof.' As hereto-

fore stated, the Court is of opinion the plaintiff has had ample time to obtain expert medical testimony, if there is any available.

Therefore, the plaintiff's Petition to Rehear and the Amendment to Plaintiff's Petition to Rehear are overruled and is disallowed and, further, plaintiff's Motion to Amend the Complaint is overruled and disallowed. The costs of the action are taxed against plaintiff. The plaintiff is allowed thirty (30) days in which to perfect his appeal."

## Issues on Appeal

Appellant states the issues on appeal as follows:

"1. Was defendant's motion for summary judgment supported by affidavits or testimony of medical doctors by deposition clearly and completely refuting plaintiff's contention that plaintiff's injuries were proximately caused by negligence of the defendant?

2. Did the lower Court err in denying plaintiff's application for leave to amend his complaint?

3. Did the lower Court err in holding that plaintiff does not have expert medical testimony, as would be required in this type of case, available for use on the trial of the case?

4. Did the lower Court err in holding that the affidavits of Mrs. Moncrief, wife and next friend of the plaintiff, and Dr. Charles D. Proctor came too late?

5. Did the lower Court err in sustaining defendant's motion for summary judgment and dismissing the complaint?

## Our Conclusions

As is argued by counsel for the defendant-appellee when this case was heard on Motion for Summary Judgment, said motion of defendant was supported by the affidavits of five competent physicians, including the affidavit of Dr. Oscar M. Carter, a nationally and, perhaps internationally recognized authority in the Field of Urology. It is to be noted that the plaintiff first went to defendant, Dr. Fuqua, suffering with prostatitis, which is in the field of Urology wherein some of these doctors were specialists.

At that time, plaintiff filed and relied only on the joint affidavits of plaintiff's wife, Elaine Moncrief, and his attorney, Mr. Fyke Farmer, neither of whom is a physician or is qualified as an expert in the field of Urology or the treatment of urinary tract diseases and the administration of drugs which is involved in the case at bar.

In proceeding with the hearing on November 24, 1978, Judge Weatherford exercised his discretion for reasons set forth in his Memorandum Opinion and Order, hereinabove quoted, and we are of opinion that he in no wise abused his discretion in refusing to postpone the hearing, and it is clear from the evidence that he had good reason on the facts and the law to grant the Summary Judgment as he did.

It is perfectly clear that the charges of malpractice involved in this suit raise questions that only physicians who are experts in their fields are qualified to answer and testify about. The very nature of the treatment and the administration of drugs in that treatment are such as that a layman's opinion is not competent to contradict the testimony of qualified experts. Thus, the Trial Judge had good reason to sustain the Motion for Summary Judgment in the absence of any evidence that made a material issue of fact.

In *Bowman v. Henard*, 547 S.W.2d 527 (Tenn.1977), a case involving medical malpractice, the Supreme Court of Tennessee, in an opinion by Mr. Justice Henry, referred to Federal Practice and Procedure by Wright & Miller, Civil Sec. 2738, where it is stated that because opinion testimony is always subject to evaluation by the fact finder, it generally has been held not an appropriate basis for summary judgment; however, the authority continues as follows:

"However, if the only issue is one of the kind on which expert testimony must be presented, and nothing is presented to challenge the affidavit of the expert, summary judgment may be proper."

The Supreme Court then states:

"We approve this as an exception to the general rule."

The Court proceeded to hold as follows:

"In those malpractice actions wherein expert medical testimony is required to establish negligence and proximate cause, affidavits by medical doctors which clearly and completely refute plaintiff's contention afford proper basis for dismissal of action on summary judgment, in the absence of proper responsive proof by affidavit or otherwise . . . ."

Citing Rule 56.05, Tennessee Rules of Civil Procedure, and quoting therefrom, the opinion continues by stating that in that case (*Bowman v. Henard*), the only response made by petitioner was the affidavit of one of her attorneys not shown to have any expertise in the field of medicine, and continues by stating:

"The affidavit of an attorney stands precisely on the same plane with all other affidavits. Accordingly, it must rest upon his personal knowledge in an area in which he is competent to testify. The affidavit of the attorney in this case was totally ineffectual as a response."

The opinion concludes as follows:

"In summary we hold that, in those malpractice actions wherein expert medical testimony is required to establish negligence and proximate cause, affidavits by medical doctors which clearly and completely refute plaintiff's contention afford a proper basis for dismissal of the action on summary judgment, in the absence of proper responsive proof by affidavit or otherwise. In those cases wherein the acts are complained of are within the ken of the common layman, the affidavit of medical experts may be considered along with all other proof, but are not conclusive."

As to the action of the Trial Judge in denying the Petition to Rehear, he discusses the affidavit of Mrs. Moncrief and the deposition of Dr. William Shaffner taken in the case of Moncreif v. Eli Lilly Company in the United States District Court, and the affidavit of Dr. Charles D. Proctor, PhD., both of which affidavits the Court found to have been filed too late, although he considered the said affidavit and deposition in question.

■ The deposition of Dr. Shaffner, as is pointed out by counsel for the defendant-appellee, was a discovery deposition taken in December, 1972, in another case and said deposition, as stated by counsel, is unsigned, unsworn to, unverified and uncertified; hence, the Court would have been justified in refusing to consider it, even if it intended to establish a dispute in the issues.

As to the affidavit of Charles D. Proctor, PhD., we agree with the Trial Judge that it came too late and he did not abuse his discretion in so holding. Furthermore, in reading said affidavit, we do not find that it raises an issue of fact in this lawsuit. Also, it is very doubtful that the witness qualifies as an expert in the field in which this inquiry is involved.

Counsel for appellee asserts that this case is barred by collateral estoppel, referring to the disposition of the case involving the same questions of fact which was dismissed and finally terminated in the Federal District Court, and, furthermore argues that it is barred by the Statute of Limitations, citing *Bodne v. Austin*, 156 Tenn. 366 (1928). However, in view of the ruling with respect to the action of the Trial Court in dismissing the cause on Motion for Summary Judgment and denying the Petition to Rehear, we will pretermit discussion of the issues of collateral estoppel and Statute of Limitations.

For reasons hereinabove set forth, the judgment of the Trial Court is affirmed.

AFFIRMED.

TODD and DROWOTA, JJ., concur.