**FORBES COMPANY, Inc., a Wyoming corporation, Appellant (Plaintiff below),**

v.

**J. Raymond MacNEEL, Appellee (Defendant below).**

**No. 3128.**

Supreme Court of Wyoming.

May 28, 1963.

————◆————-

Thomas S. Smith, Laramie, for appellant.

Dean W. Borthwick, of Riner & Borthwick, Cheyenne, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

McINTYRE, Justice.

Forbes Company, Inc., on appeal to this court, claims a summary judgment should not have been awarded against it and that it should have been permitted to proceed to trial on its suit for damages resulting from the killing of one of its heifers on a state highway. The defendant, J. Raymond MacNeel, struck and killed the heifer while driving a motor vehicle on the highway.

The defendant denied negligence on his part and cross-claimed for damages to his automobile. The plaintiff-company moved for summary judgment, pursuant to Rule 56, W.R.C.P., and defendant also moved for summary judgment in his favor upon the ground there was no genuine issue of any material fact.

The court had before it, in its consideration of these motions, certain affidavits submitted on behalf of plaintiff. One was an affidavit of the highway patrolman who investigated the accident. It set forth a diagram showing the position of the automobile and the heifer after the accident and measurements of skid marks at the scene of the accident. Also, there were answers made by defendant to interrogatories

propounded by plaintiff. In addition, counsel for both parties agreed with the court that the affidavits and other supporting documents submitted by plaintiff in support of its motion constituted all of the facts involved in the controversy.

Judgment was entered against plaintiff-Forbes on its claim for the value of its heifer and against defendant-MacNeel on his cross-claim for damages to his automobile. Only the owner of the heifer has appealed. In doing so, it concedes the trial court, under Rule 56(c), W.R.C.P., could in its discretion enter judgment on defendant's motion, if plaintiff failed to prove the existence of a genuine issue as to any material fact.

Citing 6 Moore's Federal Practice, § 56.15 [1], p. 2114 (2d Ed.), counsel argues plaintiff-Forbes, as the party against whom defendant-MacNeel's motion was directed, should have the benefit of all favorable inferences that may reasonably be drawn from the evidence. He claims the court abused its discretion in not granting such inferences and in so doing deprived plaintiff of the opportunity to present further evidence at a later trial on the merits.

It is true that a summary judgment should be granted only where it is clear that no issue of fact is involved and where inquiry into the facts is not desirable to clarify an application of the law. This is true even where there is no dispute as to evidentiary facts but only as to the conclusions to be drawn therefrom. Cassady v. Duke Power Company, D.C. S.C., 30 F.R.D. 121, 122; Moore v. New Amsterdam Casualty Insurance Company, D.C.Tenn., 199 F.Supp. 941, 946–947; Kirkpatrick v. Consolidated Underwriters, 4 Cir., 227 F.2d 228, 231. It is also true that with certain exceptions issues of negligence are not ordinarily susceptible of summary adjudication. Roucher v. Traders & General Insurance Company, 5 Cir., 235 F.2d 423; Cellini v. Moss, 98 U.S.App. D.C. 114, 232 F.2d 371, 373; Aetna Insurance Company v. Cooper Wells & Company, 6 Cir., 234 F.2d 342, 344.

Even bearing in mind these restrictive rules, we do not find that the trial court acted improperly. Plaintiff presented no affidavit which on its face showed defendant to have been negligent but now argues that an inference of negligence was inherent in the diagram attached to the patrolman's affidavit. Nothing therein contained was contradictory of the defendant's answer to interrogatories wherein he said he was driving sixty miles per hour, saw the animal standing on the right shoulder of the highway when he was some fifty feet distant, pulled to the left to avoid hitting her, but she ran across the highway directly in front of him.

Inferences contrary to direct testimony are not ordinarily sufficient to support a finding. National Labor Relations Board v. Kaye, 7 Cir., 272 F.2d 112, 114; Waller v. Northern Pacific Terminal Co. of Oregon, 178 Or. 274, 166 P.2d 488, 496–497, certiorari denied 329 U.S. 742, 67 S.Ct. 45, 91 L.Ed. 640, rehearing denied 329 U.S. 825, 67 S.Ct. 181, 91 L.Ed. 701.

The judgment is affirmed.