Walter J. BROWN, Appellant
(Defendant below),

**v.**

W. W. SIEVERS, also known as Bill Sievers,
Appellee (Plaintiff below).

No. 3443.

Supreme Court of Wyoming.

Jan. 28, 1966.

Thomas O. Miller, of Miller, Suyematsu, Crowley & Duncan, Cheyenne, for appellant.

Cecil K. Hughes, of Reynolds & Hughes, Sundance, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

Plaintiff, Sievers, sued defendant, Brown, for $12,281.22 on account and defendant answered that he owed plaintiff for certain work and materials but was without knowledge as to amount and demanded jury trial. Prior to the date set for pretrial, plaintiff filed an amended com-

plaint demanding the same amount as previously but on "account stated" to which amendment defendant entered a general denial. At the trial, plaintiff testified in his own behalf and rested; whereupon defendant testified in his own behalf and rested. Plaintiff then moved for a directed verdict, and the court, finding orally that there was no dispute as to any material fact, that Exhibit 1, the copy of the account stated, contained not only a contract but an acknowledgment of the indebtedness, and that reasonable men could not draw any other or different inferences therefrom, directed a verdict for plaintiff for the amount claimed, and subsequently entered a judgment thereon, from which this appeal is taken.

Aside from a claimed mistake that the verdict and judgment contained an overage of $540, which error plaintiff concedes and requests to be corrected, the crucial question presented by appellant is whether plaintiff sustained the burden of proving by a preponderance of the evidence that on November 23, 1964, an account was stated between the parties in the sum of $12,281.22 due from defendant, which amount he agreed to pay. As supplementing this basic contention of appellant, it is also argued that (1) there was no compliance with the provisions of Rule 50(a), W.R.C.P., that a motion for a directed verdict must state the specific grounds therefor; (2) a general denial is a proper defense to controvert plaintiff's allegations that an account was stated by and between the parties; and (3) the trial court usurped the jury's role in deciding the issues of fact.

Both parties agreed that Sievers, a ranch and farm contractor, at Brown's request, furnished certain materials and labor to him and that certain amounts were due to Sievers as a result. On Monday, November 23, Sievers presented to Brown a paper containing listed amounts for preparing land, fencing, trucking, seed, and care of cattle, totaling $12,281.22, beneath which were the typed words, "I, Walter Brown, owe Bill Sievers the amount stated above,"

which defendant signed. Sievers testified that the work which he and his men had begun in approximately May was finished on November 22, that this work had been done on a credit basis, and that on Monday, November 23, he presented the mentioned statement to Brown at the latter's home in Newcastle. He did not state the year in which this occurred and Brown, when asked about the date, said he did not remember when it was. Sievers also testified, "Walter said, 'I owe you this amount, $12,281.22?' I said, 'Yes, sir.' * * * I said, 'Walter, would you please sign this bill for me, because I have got to have something to show my banker. I have had to borrow a lot of money to do this work out there and meet payrolls, and I would like to have the bill signed to take up to the bank.' * * * he signed the bill at that time. * * * we sat and visited for awhile and [about a half-hour later] he said, 'Now, I have turned in some payments to the ASC [Agricultural Stabilization and Conservation Service] * * *,' * * * we decided to go up to the ASC Office and put in for the payment on the farming, and Walter said that he would give me that, whatever the payment on the farming, he would give that to me to try to help tide me over."

Concerning these occurrences, Brown testified, "He showed me that bill and I told him it was altogether too much, $12,-281. * * * [and I said] I will sign this and we will go up to the ASC Office and let them know your work is done." Other repeated statements which Brown made concerning that morning's occurrences were substantially similar.

Defendant first assails plaintiff's failure to prove the date, that is, the year of the claimed account stated. The awkwardness of the situation could scarcely be denied since the purported account stated, contrary to good business practices, contained no dates either of the items or of the acknowledgment, and the record no testimony as to the year when the instrument was signed, although the date, No-

vember 23, was repeated at different times, after one of which plaintiff testified that he had computed the interest on the amount of the contract "from November 23, 1964, to April 12, 1965" (the date of the trial).

Plaintiff, relying upon Reciprocal Exchange v. Altherm, Inc., 142 Conn. 545, 115 A.2d 460, and 32A C.J.S. Evidence § 1044, says that the court may draw reasonable and logical inferences from facts existing prior or subsequent to an event and notes the record to further show that the complaint was filed on November 27, 1964, that plaintiff had been in business four years and that the case was tried on April 12, 1965. In the view of this court, when a person speaks of a day and month without affixing thereto the year it may be normally and reasonably assumed that he refers to the day and month last preceding. Additionally, the plaintiff testified that the day on which defendant signed the account stated was Monday, November 23, and in the four years preceding the trial only in 1964 did November 23 fall on a Monday. For these reasons the court was justified in concluding that the instrument in question was signed on the date alleged in the amended complaint.

Defendant next contends that the presented evidence of the occurrences immediately prior to his signing of the paper was not sufficient to discharge plaintiff's burden to prove by a preponderance that the account was rendered for the purpose of arriving at an accounting between the debtor and the creditor. Although certain cases are cited, which defendant says are similar to the instant situation, we do not consider them sufficiently so to list them here since, before defendant concludes, he admits they are fraud cases and concedes that fraud was not here pleaded. Defendant insists however that fraud should nevertheless be allowed as a defense if evidence concerning it was admitted without objection and argues that evidence of fraud was here admitted when (1) plaintiff stated he asked defendant to sign the bill for him

because he had to have something to show his banker and (2) the defendant testified that he signed the bill so the ASC would know the work was done and the parties could find out how much that agency would pay. We cannot agree that this constituted or was any evidence whatever of fraud, and no authorities are submitted on the point. We think it would be entirely normal that a contractor who had furnished work and materials for which he had incurred obligations would be most interested in securing definite assurance as to the amount he was to be paid and in making any arrangements with lending institutions or governmental agencies for the liquidation of his obligations. There is no occasion for the ascribing of improper motives.

Defendant complains of the trial court's finding that there was no dispute as to any material fact, asserting that the court either did not consider the testimony of the defendant which conflicted with plaintiff's testimony, or that it weighed the conflicting evidence and inferences, judged the credibility of the witnesses, and improperly drew the ultimate conclusion which was a function of the jury. This criticism would be justified if the conflicting testimony to which allusion is made had been material, but we think it was not. Defendant freely admitted that he signed a statement saying that he owed the amount. He did testify that at the time of signing he had said that the bill was too much and denied that he had told plaintiff he would pay him within a couple of days and had offered to sign a note, but these and like statements did not fairly present conflict as to a material matter, and accordingly, there was no usurpation of the role of the jury. The court was correct in its statement that there was no dispute as to a material fact, that the paper signed contained on its face an acknowledgment of indebtedness, and that reasonable men could not draw any other or different inferences from these facts. In so saying, we do not overlook defendant's contention

that there was a failure of compliance by plaintiff with Rule 50(a), W.R.C.P., requiring a statement of the specific grounds for requesting a directed verdict. The record shows the motion to have been made in the ·following language: "Plaintiff moves for a directed verdict, directed on the pleadings, on the grounds and for the reason that there is no issue presented here that has not been resolved." Arguments on the motion were thereafter had by counsel. Considering this and the cogent statement which the court made to the jury on the matter, we find no basis for reversal in this aspect.

The judgment should be reduced under the provisions of Rule 60(a), W.R.C.P., in accordance with the $540 clerical mistake conceded by plaintiff. Subject to such correction, the judgment is affirmed.

Affirmed.