Lois M. CODY, Appellant (Plaintiff),

v.

Alfred ATKINS, Appellee (Defendant).

No. 5757.

Supreme Court of Wyoming.

Feb. 4, 1983.

Louis A. Mankus, Cheyenne, signed the brief and appeared in oral argument on behalf of appellant.

J. Kent Rutledge of Lathrop & Uchner, P.C., Cheyenne, signed the brief and appeared in oral argument on behalf of appellee.

Before ROONEY *, C.J., and RAPER, THOMAS, ROSE ** and BROWN, JJ.

* Became Chief Justice on January 1, 1983.

** Chief Justice at time of oral argument.

RAPER, Justice.

This appeal arose from a negligence action brought by Lois M. Cody (appellant) against Alfred Atkins (appellee) for injuries she allegedly sustained in an automobile collision between her car and appellee's pickup. Appellant appeals from the judgment on a jury verdict entered by the district court in favor of appellee. The following three issues are raised on appeal by appellant:

"I. Whether the denial of a directed verdict at the close of all the evidence was error when there was no evidence of plaintiff's negligence and ample evidence of defendant's negligence.

"II. Whether the trial court erred in denying a judgement not withstanding the verdict when the jury verdict was clearly contrary to the evidence and the law.

"III. Whether it was error to deny plaintiff a new trial when the jury verdict was not consistent with the evidence presented at trial."

We will affirm.

At about 7:00 o'clock a.m. on the morning of November 13, 1980, appellant's car was struck from behind by a pickup driven by appellee. At the time of the accident appellant was stopped for a red light in the right-hand, west-bound lane of 16th Street at the intersection of 16th Street and Snyder Avenue in Cheyenne, Wyoming. The right front corner of appellee's vehicle struck the left rear corner of appellant's car. In the words of the police officer who investigated the accident, the lane of traffic in which the accident occurred was ice covered and "very slick." It was overcast and snowing lightly at the time the accident occurred but visibility was not impaired. Neither party complained of injuries when questioned by the investigating officer at the accident scene; however, later that day appellant complained of injuries and was taken to the emergency room at Memorial Hospital where she was examined and released. Appellant was subsequently hospitalized and treated for numerous physical complaints that she alleged resulted from the accident.

Appellant brought suit June 5, 1981, complaining that appellee's negligent operation of his vehicle had caused harm to her. On March 1, 1982, appellant filed an amended complaint against appellee. Appellee answered the complaints by admitting that his pickup collided with appellant's car but denying appellant's remaining allegations of negligence, etc.; there were no counterclaims made nor affirmative defenses asserted by appellee. The matter was tried before a six-person jury May 10 and 11, 1982, in the district court in Cheyenne. At the close of appellee's case, appellant made a motion for directed verdict pursuant to Rule 50, W.R.C.P. The district court denied the motion. The jury then, after receiving its instructions and deliberating on the matter, returned a verdict in favor of appellee. Following the trial, appellant made timely motions for a new trial pursuant to Rule 59, W.R.C.P. and for a judgment notwithstanding the verdict pursuant to Rule 50, W.R.C.P. The district court denied both motions; this appeal followed.

I

The first issue appellant raises for our consideration is the propriety of the district court's denial of his motion for a directed verdict made pursuant to Rule 50(a), W.R.C.P.[1] We will briefly summarize the stan-

1. Rule 50(a), W.R.C.P., provides:

"A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made.

A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury."

dard of review we employ when faced with a directed verdict question.

In *Town of Jackson v. Shaw,* Wyo., 569 P.2d 1246 (1977), this court said:

"In reviewing the grant of a directed verdict by a trial court, consideration must be given to all evidence favorable to party against whom the motion is directed, as well as to all reasonable and legitimate inferences which might be drawn therefrom. [Citations.] Whether or not the evidence so viewed is sufficient to create an issue for the jury is solely a question of law to be answered by the trial court. That court must determine whether or not the evidence is such that, without weighing the credibility of the witnesses, or otherwise, considering the weight of the evidence, there is but one conclusion as to verdict which men of reason could reach. * * *" (Footnote omitted.) 569 P.2d at 1250.

This court, in *Carey v. Jackson,* Wyo., 603 P.2d 868, 877 (1979), adopted the commentators' view that:

" 'In determining whether a verdict should have been directed, the appellate court applies the same standard as does the trial court in passing on the motion originally. * * * Whether a verdict should be directed is a question of law and on those questions litigants are entitled to full review by the appellate court without special deference to the views of the trial court.' 9 Wright and Miller, Federal Practice and Procedure, Civil, § 2536, p. 595, and § 2524, pp. 541–542."

We also have held that since a directed verdict deprives the parties of a determination of the facts by a jury, such motion should be cautiously and sparingly granted. 9 Wright and Miller, supra § 2524, and see *Carey v. Jackson,* supra.

 In the majority of our decisions in which directed verdicts are at issue, we have dealt with directed verdicts sought by the defendant; here we are faced with the opposite situation of a plaintiff seeking a directed verdict. In general, the standard in directing a verdict for a plaintiff is similar to the standard used to direct one

against him. 9 Wright & Miller, Federal Practice and Procedure: Civil § 2535 (discussing an identical Rule 50(a), F.R.C.P.). However, due to the different burdens of persuasion placed on plaintiffs and defendants, there are some differences. In *Mihalchak v. American Dredging Co.,* 266 F.2d 875 (3rd Cir.1959), cert. denied 361 U.S. 901, 80 S.Ct. 209, 4 L.Ed.2d 157, the court, faced with a plaintiff's motion for directed verdict, declared:

"The propriety of directing a verdict in appropriate situations in favor of the party imposed initially with the risk of non-production of evidence seems to be well settled. Yet though a motion for directed verdict in favor of the proponent of an issue is cast in the same form as when made by the defending party, it requires the judge to test the body of evidence not for its insufficiency to support a finding, but rather for its overwhelming effect. He must be able to say not only that there is sufficient evidence to support the finding, even though other evidence could support as well a contrary finding, but additionally that there is insufficient evidence for permitting any different finding. The ultimate conclusion that there is no genuine issue of fact depends not on a failure to prove at least enough so that the controverted fact can be inferred, but rather depends on making impossible any other equally strong inferences once the fact in issue is at least inferable." (Footnotes omitted.) 266 F.2d at 877.

It is proper to direct a verdict for the plaintiff in those rare cases where there are no genuine issues of fact to be submitted to a jury. *Parker v. Pine,* Mo.App., 617 S.W.2d 536 (1981). In a negligence action a verdict may be directed for the plaintiff when there is no evidence that would justify a jury verdict for the defendant. *Whitly v. Moore,* 5 Ariz.App. 369, 427 P.2d 350 (1967). A directed verdict for the plaintiff is proper when there is no dispute as to a material fact, and when reasonable jurors cannot draw any other inferences from the facts than that propounded by the plaintiff. *Brown v. Sievers,* Wyo., 410 P.2d 574 (1966). In a negligence action, then, we need only

determine that there was sufficient evidence to permit a reasonable jury to find that the defendant acted without negligence to hold that appellant's motion was properly denied. We so hold.

In this case appellee presented evidence that the roadway he was traveling on was slippery due to snow and ice; that he had been attempting to slow down and stop to avoid a collision for some 400 feet prior to impact; that he had slowed from 20 m.p.h. to 5 m.p.h. in the 400 feet prior to impact; that he had attempted to drive to the left and avoid the collision; that his ability to stop was further complicated because he was traveling downhill; and that he was in control of his vehicle at all times prior to the collision. Although we were unable to find where appellee had testified in so many words that he had not been negligent, the jury could have properly inferred as much from the evidence we have outlined. Although appellant contends otherwise, the concept of an automobile accident occurring without a finding of negligence is not novel in our jurisprudence. *Friesen v. Schmelzel*, 78 Wyo. 1, 318 P.2d 368 (1957). The district court could not have, in the face of appellee's evidence showing an absence of negligence, directed a verdict for appellant. Therefore, we hold the district court properly denied appellant's motion for a directed verdict.

## II

Appellant next argues that the district court erred in denying her motion for a judgment notwithstanding the verdict (J.N. O.V.) made pursuant to Rule 50(b), W.R. C.P.[2] Rule 50(b), W.R.C.P. requires as a prerequisite to seeking a J.N.O.V. that the moving party has previously sought and been denied a directed verdict. As previously noted, appellant had sought and been denied a directed verdict at the close of the evidence; therefore, we reach this issue. Before deciding the issue, however, we first set out the standard of review we shall employ.

■ In *Cimoli v. Greyhound Corp.*, Wyo., 372 P.2d 170 (1962), this court held that a J.N.O.V. can only be granted where there is an absence of any substantial evidence to support the verdict entered. That same view was expressed in *Simpson v. Western National Bank of Casper*, Wyo., 497 P.2d 878 (1972). The test then for granting a J.N.O.V. is virtually the same as that employed in determining whether a motion for directed verdict should be granted or denied. In fact, it has been said in discussing a nearly identical Rule 50(b), F.R.C.P. that a J.N.O.V. can be granted only if the prerequisite motion for directed verdict should have been granted. 9 Wright & Miller, *supra* § 2537; *Law v. Virginia Stage Lines, Inc.*, 144 App.D.C. 115, 444 F.2d 990 (D.C. Cir.1971); *Neville Chemical Co. v. Union Carbide Corp.*, 422 F.2d 1205 (3rd Cir.1970), cert. denied 400 U.S. 826, 91 S.Ct. 51, 27 L.Ed.2d 55.

**2.** Rule 50(b), W.R.C.P. provides in pertinent part:

"(b) Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the moving party may move not later than ten (10) days after the entry of judgment to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within ten (10) days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative; and a motion to set aside or otherwise nullify a verdict or for a new trial shall be deemed to include a motion for judgment notwithstanding the verdict as an alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial. Motions for judgment notwithstanding the verdict shall be determined within sixty (60) days after the entry of the judgment, and if not so determined shall be deemed denied, unless within such sixty (60) days the determination is continued by order of the court, but a continuance shall not extend the time to a day more than 90 days from the date of entry of judgment."

The logic behind similar standards of review is that it allows the district court another opportunity to determine the legal question of sufficiency of the evidence raised by the motion after the jury has reached a verdict. 9 Wright & Miller, supra. In close cases the J.N.O.V. procedure promotes judicial economy. When a J.N.O.V. is reversed, for example, an appellate court can remand for reinstatement of the original verdict, where a new trial is generally required when a directed verdict is reversed.[3] See *Carey v. Jackson,* supra, and *Law v. Virginia Stage Lines, Inc.,* supra.

In the case before us, we have, in ruling on the directed verdict question, already held that there was sufficient evidence presented to create a question of fact for the jury to determine on the issue of appellee's negligence. For those same reasons we must also hold that the district court correctly denied appellant's motion for a J.N.O.V.

### III

We next reach appellant's final argument that the district court erred in denying her motion for a new trial made pursuant to Rule 59, W.R.C.P.[4] Appellant's motion set forth the following grounds for obtaining a new trial:

"1. That the Verdict is not Sustained by sufficient Evidence and is Contrary to Law.

"2. That Errors of Law were Committed at the Trial."

Appellant then centers her argument around the first ground. The position appellant takes is that she was entitled to a new trial because the jury's verdict was not consistent with the evidence. We disagree.

**Rule 59(a), W.R.C.P.** allows courts, for the grounds enumerated, to set aside the effect of a jury verdict and grant a new trial when not satisfied with the jury verdict. A court's exercise of the power to grant a new trial is not a derogation of the right of a jury trial but is one of that right's historic safeguards. *Town of Jackson v. Shaw,* supra, and *Aetna Casualty & Surety Co. v. Yeatts,* 122 F.2d 350 (4th Cir.1941). The power to grant a new trial gives the trial court the power to prevent a miscarriage of justice. 11 Wright & Miller, Federal Practice and Procedure: Civil § 2803 (1973) (discussing similar Rule 59, F.R.C.P.). Trial courts should grant new trials whenever, in their judgment, the jury's verdict fails to administer substantial justice to the parties. *Brasel and Sims Construction Co. v. Neuman Transit Co.,* Wyo., 378 P.2d 501 (1963), quoting from *Kester v. Wagner,* 22 Wyo. 512, 145 P. 748 (1915). In *Long v. Forbes,* 58 Wyo. 533, 136 P.2d 242, 158 A.L.R. 224 (1943), this court said:

"The right of trial by jury includes the right to have the jury pass upon questions of fact by determining the credibility of witnesses and the weight of conflicting evidence. [Citation.] The findings of fact, however, are subject to review by the trial judge who, like the jury, has had the benefit of observing the demeanor and deportment of the witnesses. If he concludes that the evidence is insufficient to support the verdict, he should grant a new trial * * *." 136 P.2d at 244.

This court has acknowledged that when a court could have properly granted a J.N.O.V. for insufficient evidence, it was not error to grant a motion for a new trial.

---

**3.** Although the standards for granting or denying both a motion for directed verdict and a motion for a J.N.O.V. are virtually the same, we do not by our discussion imply that motions for a directed verdict in the proper case should not be granted when made. See *Carey v. Jackson,* supra, 603 P.2d at 877.

**4.** Rule 59, W.R.C.P. provides in pertinent part:
"(a) *Grounds.*—A new trial may be granted to all or any of the parties, and on all or part

of the issues. * * * Subject to the provisions of Rule 61, a new trial may be granted for any of the following causes:

 * * * * * *

"(6) That the verdict, report or decision is not sustained by sufficient evidence or is contrary to law;

 * * * * * *

"(8) Error of law occurring at the trial."

*Davis v. Schiess,* Wyo., 417 P.2d 19 (1966). That does not mean, however, that the same standards apply for granting a new trial and a J.N.O.V.; the standard must be more lenient for exercising the power to grant new trials to preserve that power's historic role as a safety valve in our system of justice. In *Tidewater Oil Co. v. Waller,* 302 F.2d 638 (10th Cir.1962), the court said:

> "When the evidence is wholly insufficient to support a verdict, it is the duty of the trial court to direct a verdict or enter a judgment n.o.v., and the court has no discretion in that respect. But, the granting of a new trial involves an ele-ment of discretion which goes further than the mere sufficiency of the evidence. It embraces all the reasons which inhere in the integrity of the jury system itself. [Citations.]" 302 F.2d at 643.

It is well settled in Wyoming that trial courts are vested with broad discretion when ruling on a motion for new trial, and that on review we will not overturn the trial court's decision except for an abuse of that discretion. *Murphy v. Stevens,* Wyo., 645 P.2d 82 (1982); *Walton v. Texasgulf, Inc.,* Wyo., 634 P.2d 908 (1981). In *Brasel and Sims Construction Co. v. Neuman Transit Co.,* supra, this court discussed the standard of review as follows:

> " 'Trial courts have always been clothed with a large discretion in the matter of granting a new trial, and their action will not be disturbed in the appellate court unless that court can clearly and conclu-sively say that there was an abuse of that discretion. It will take a stronger case to warrant a reversal where a new trial has been granted than where it is denied. * * *' " (Quoting from *Elliott v. Sloan,* 38 Wyo. 276, 266 P. 1059 (1928).)

In this case, appellant argues there was not sufficient evidence before the jury to entitle them to find in favor of appellee. As we pointed out in our discussion of appellant's first issue, appellee presented sufficient evidence to permit the jury to reach the issue of negligence. Also, as we said earlier, the mere fact that the collision occurred does not in itself indicate negligence. Therefore, after hearing the testimony of the witnesses and observing their demeanor, the district court exercised its discretion and denied appellant's motion for a new trial. The district court thereby indicated its belief that under the circum-stances of the case no substantial injustice would occur in upholding the jury's verdict. Appellant has presented no convincing ar-gument that would persuade us that the district court abused its discretion. There-fore, we hold that the district court did not err when it denied appellant's motion for a new trial.

Affirmed.