Joe KOBIELUSZ, Appellant (Plaintiff),

v.

Willard V. WILSON and Wilson Herefords, a Wyoming corporation, Appellees (Defendants).

No. 84-94.

Supreme Court of Wyoming.

June 12, 1985.

Harry E. Leimback, Casper, for appellant.

William S. Bon of Schwartz, Bon, McCrary & Walker, Casper, for appellees.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

CARDINE, Justice.

This was an action to recover damages for personal injuries brought by Joe Kobielusz, appellant, against Willard Wilson and Wilson Herefords, a Wyoming corporation. From a summary judgment in favor of Wilson, Kobielusz appeals.

We reverse.

The sole question presented for our determination is whether there was a genuine issue of material fact as would prevent entry of summary judgment.

Joe Kobielusz owned and lived upon a tract of land adjoining and immediately south of the Wilson Herefords Ranch near Thermopolis, Wyoming. On May 7, 1980, Mrs. Kobielusz observed from a window of their home a fire burning onto their property from the north. Joe Kobielusz rushed to fight the fire, which, when he arrived, was burning his pasture, pump house and power pole. Joe Kobielusz and a neighbor, Gordon Legerski, put out the fire. In the course of fighting and putting out the fire, Joe Kobielusz suffered burn injuries to his feet for which recovery of damages is sought in this action.

Summary judgment is a useful tool for disposing of litigation in which there are no real issues or questions of fact that ought to be determined in a trial. *Larsen v. Roberts*, Wyo., 676 P.2d 1046 (1984). It is, however, a drastic remedy which, when granted, deprives a litigant of a right to trial. It, therefore, ought to be utilized with caution and restraint. *Weaver v. Blue Cross-Blue Shield of Wyoming*, Wyo., 609 P.2d 984 (1980); *Keller v. Anderson*, Wyo., 554 P.2d 1253 (1976). Negligence cases usually involve mixed questions of law and fact concerning the existence of a duty, the standard of care required of a reasonable person, and proximate cause and are ordinarily not susceptible to summary adjudication. *Keller v. Anderson*, supra; *Gilliland v. Steinhoefel*, Wyo., 521 P.2d 1350 (1974).

We have before us the same material as was before the trial court; and, on appeal, our duty is the same as that court in determining whether summary judgment is appropriate. In making this determination, we must view the evidence in a light most favorable to the party opposing the motion for summary judgment and give to that party the benefit of all favorable inferences that might be drawn therefrom. *Schepps v. Howe*, Wyo., 665 P.2d 504 (1983). Although we have held inferences contrary to direct testimony *may not ordinarily* support a finding, *Blackmore v. Davis Oil Company*, Wyo., 671 P.2d 334 (1983); *Forbes Company v. MacNeel*, Wyo., 382 P.2d 56 (1963), that determination usually depends upon the quality of

evidence creating the inference and the direct testimony. A party moving for summary judgment carries the burden of establishing that there is no genuine issue of material fact; and, if upon the record there is doubt as to the existence of issues of material fact, that doubt must be resolved against the party carrying the burden. *Western Surety Company v. Town of Evansville*, Wyo., 675 P.2d 258 (1984).

The evidence in this case is in the form of affidavits and depositions and, when viewed in a light most favorable to appellant, establishes that in the early part of May of each year it had been the practice of Wilson to clear irrigation ditches by setting fire to and burning the weeds in the ditches. One of these ditches ran toward appellant's property. Erwin Stoffers, an employee of Wilson Herefords Ranch at the time of this incident, stated in his affidavit:

"2. That on or about May 7, 1980, I observed Willard Wilson in the area where a fire was burning approximately three hundred yards north of the Joe Kobielusz property line. At that time the fire was burning on the north side of a road running across the Wilson Herefords property.

"3. Then shortly after the day that I seen the fire burning along the roadway, I visited with Mr. Joe Kobielusz and he advised me that he had been injured in attempting to put out a fire that had reached his property from the Wilson property."

The road crossing Wilson's property from his barns and buildings to the railroad tracks is a private road. A witness, Gordon Legerski, in his deposition, stated:

"Mr. Wilson has got a road that goes up over the railroad track, I think, right down from his barns and you couldn't, I couldn't see beyond that and I didn't know if it started down below that. But there is a road that goes up to the tracks where he goes over the tracks. And from there to our place why it was burned there."

In the spring of 1981, Joe Kobielusz and Wilson were out together and burned weeds in the area of the drain ditch and railroad tracks. It was not windy. They had everything under control, and encountered no problems.

Mr. Wilson stated in his deposition that in May 1982:

"[W]e did have employees that was burning an irrigation ditch within our property and the railroad property.

 &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"That was in '82. And they did try to control it and I'm the one that brought the attention. It happened during the noon hour. Wind did come up.

 &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"Everyone was at dinner and gone so, you know, the men were, so that's the reason they left."

This fire also spread to the south and east onto the property of Joe Kobielusz.

Both Joe Kobielusz and Gordon Legerski testified in their depositions about a conversation with Erwin Stoffers concerning the fire on May 7, 1980. Stoffers was an employee of Wilson at the time. The conversation occurred shortly after the fire. Gordon Legerski stated that Stoffers "* * * said that he thought the fire was started on Willard's property, or up along the right-of-way there [b]ecause they were burning their ditches along the edge of the pasture * * *."

After being told not to speculate, the witness stated:

"As far as I know it started on Willard's property, according to Ed."

Joe Kobielusz testified in his deposition as follows:

"Q. Now why do you think Mr. Wilson started that fire?

"A. One of his hired men told me he did.

"Q. And who is that?

"A. Erv Stoffers.

 &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"A. Well he just said by God, Joe, I hate to see you laid up like this. And I

asked him, I says well, I wonder who started that fire there. And he told me Wilson did.

\* \* \* \* \* \*

"Q. Did he say he had anything to do with it, that is Stoffers?

"A. No, he was riding a tractor around there someplace, doing something on the tractor, he said. And *he seen him start it.*" (Emphasis added.)

Appellee Wilson states his position to be: "[T]he evidence relied upon by the plaintiff to create an issue was either, inadmissible hearsay, speculation or at best, merely raised inferences which would not stand against affirmative and uncontradicted testimony to the contrary."

The affirmative and uncontradicted testimony to which appellees refer are the affidavits of Willard Wilson and employees of Wilson Herefords in which they state that they did not start the fire of May 7, 1980. First, the statements of Stoffers are not inadmissible hearsay as appellees claim. Rule 801(d)(2)(D), W.R.E., provides:

"(d) A statement is not hearsay if:

\* \* \* \* \* \*

"(2) The statement is offered against a party and is \* \* \* (D) a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship \* \* \*."

Such statement is not hearsay because its admission does not depend upon trustworthiness nor necessity but upon a basic philosophy of the adversary system that whatever a party to an action says or does should be receivable in evidence against him. 4 Louiselle and Mueller, Federal Evidence § 411 at 59. At the time the fire of May 7, 1980, occurred, Erwin Stoffers was employed as a ranchhand by Wilson. On the day this incident occurred he had been feeding livestock. Ranchhands employed by Wilson cleared irrigation ditches by burning weeds and irrigated crops through those ditches. Thus, the statements made by Erwin Stoffers to Joe Kobielusz and Gordon Legerski were statements by an

agent or servant of Wilson concerning a matter within the scope of his agency or employment and made during the existence of the relationship. Unless excludable for some other reason, it would appear at least at this stage of the proceedings that the statements by Stoffers to Kobielusz and Legerski are admissible in evidence.

Appellees, nevertheless, contend that the effect of all of the evidence, including these statements, is to create an inference only that Wilson started the fire of May 7, 1980; they further contend that this inference is, for purposes of summary judgment, overcome by the direct statement of Wilson that he did not start the fire. Thus, appellees state that

"[e]ven assuming that a reasonable inference in the plaintiff's favor might be drawn from the facts presented, under well established Wyoming law, such inferences disappear in the face of the unequivocal statements contained in the affidavits \* \* \*."

They cite *Blackmore v. Davis Oil Company,* supra, which quoted from *Forbes Company v. MacNeel,* supra, 382 P.2d at 57, for this proposition, this court stating:

"Inferences contrary to direct testimony are not ordinarily sufficient to support a finding."

An inference is said to be:

"[A] process of reasoning by which a fact or proposition sought to be established is deduced as a logical consequence from other facts, or a state of facts, already proved or admitted. \* \* \*

"In law, the term has generally been defined as meaning a conclusion, a deduction, that which is inferred \* \* \*." 43 C.J.S. Inference at 703.

It is said that:

"All evidence must involve an inference from some fact for the proposition to be proved.

\* \* \* \* \* \*

"A reasonable inference is as truly evidence as the matter on which it is based, and is not a mere presumption or guess; appropriate inferences from proved facts

are not a low order of evidence, but are just as valid as evidence as statements of eye-witnesses and are to be weighed by the jury along with the other evidence before it and may be strong enough to outweigh positive and direct oral statements. Whether or not they should be permitted to overcome positive and direct testimony depends, in every case, on the relative strength of the one or the other." 32A C.J.S. Evidence § 1044.

*Forbes Company v. MacNeel,* supra, holds that *ordinarily* inferences are overcome by direct evidence. *Ordinarily* that proposition is correct. But, it is not always so for common sense and good judgment tell us otherwise. For example, suppose an automobile is rear-ended by a following vehicle. The driver whose vehicle was struck did not see and cannot identify by direct evidence the driver of the car that hit him. However, if there was just one person in the following vehicle and that person exited the vehicle immediately after the collision, it might be inferred that that person was the driver of the following vehicle at the time of the collision. Now, if the person exiting the following vehicle denied categorically that he was the driver, would that direct evidence overcome the inference that he was the driver as a matter of law? Surely it would be bad law for us to say that was so.

We have heretofore said:

"Direct evidence ordinarily consists of witnesses testifying directly of their own knowledge as to the ultimate facts sought to be proved. * * * 'Circumstantial evidence is the proof of collateral facts and circumstances from which the mind arrives at the conclusion that the main fact sought to be established in fact existed.'

\*  \*  \*  \*  \*  \*

"Circumstantial evidence is not necessarily inferior to direct evidence. In some instances it may be stronger and more persuasive. * * * Circumstances, when taken together and considered in their totality together with all reasonable inferences that may be drawn therefrom,

may be subject to different interpretations; but, that is for the jury." *Murray v. State,* Wyo., 671 P.2d 320, 328 (1983).

■ In this case the evidence before the court on summary judgment established a practice of cleaning irrigation ditches by burning weeds around May of each year. Appellant's evidence was that Wilson burned weeds, and it was undisputed that he burned weeds in May of 1982 that resulted in a fire substantially similar to the one that occurred in May of 1980 when appellant was injured. An employee of Wilson, shortly after the May 7, 1980 fire informed appellant that the fire had started on Wilson's property and at one point advised him that he had seen Wilson start the fire. True, Wilson denied starting the fire, as did all of the persons employed by him at the time. It is also true that Stoffers in his deposition testified differently from his affidavit filed in this case and differently from what Kobielusz and Legerski claim he said to them. This differing testimony and evidence merely created conflicts which could not be resolved on summary judgment.

In passing, we note that there was also evidence when viewed in a light most favorable to appellant that would have established that the fire started on Wilson's property, that Wilson was in the area at the time and should have known of it, that his employee Stoffers knew of the fire, and that neither of them made any effort to control the fire or assure that it did not spread to the property of another. Appellant, citing the *Town of Douglas v. Nielsen,* Wyo., 409 P.2d 240 (1965), contends that these facts give rise to a duty on the part of the landowner to control the fire and prevent its spread to the lands of others. Appellees object that this is a new matter not presented to the trial court at the argument on summary judgment. The arguments were not reported and we are unable to say from the record what occurred.

We do not know whether or not the facts, when developed, will establish the duty for which appellant contends. We

need not decide that question here for in this case there were disputed questions of material fact which preclude the entry of summary judgment. Reversed and remanded for further proceedings consistent with this opinion.

THOMAS, Chief Justice, specially concurring.

I concur in the result of this case because it does seem to me that the circumstances do create fact questions with respect to the liability of Wilson for permitting a fire which initiated on his property to escape and go onto the property owned by Kobielusz. As I understand this record there is information from which one could conclude that Wilson either knew or, in the exercise of reasonable care, should have known of the existence of the fire. There then would appear to be factual questions with respect to a breach of a duty on the part of Wilson to contain the fire.

I cannot join in the full scope of the majority opinion in this case, because I have doubts that the statements made by Stoffers would be admissible hearsay pursuant to Rule 801(d)(2)(D) of the Wyoming Rules of Evidence. It does not seem to me that this statement was made by Stoffers, admittedly Wilson's agent or servant, about a matter within the scope of Stoffers' agency or employment. Examples of situations in which the employee's statements were found to be properly admissible are recited in *Mahlandt v. Wild Canid Survival and Research Center, Inc.*, 588 F.2d 626 (8th Cir.1978). I would require the proponent of such a statement for purposes of summary judgment to establish that the matter about which the statement is made was within the scope of the agency or employment of the declarant. I do not perceive this record as being adequate for that purpose.