JOHN Q. HAMMONS INC., d/b/a Sheridan Holiday Inn, a Missouri corporation, Appellant (Defendant),

v.

Andrew POLETIS, Appellee (Plaintiff).

No. 96–335.

Supreme Court of Wyoming.

Feb. 27, 1998.

Rebecca A. Lewis (argued) and Scott W. Meier, Lewis & Associates, P.C., Laramie, for Appellant (Defendant).

Donald J. Sullivan (argued), Sullivan Law Offices, P.C., Cheyenne, for Appellee (Plaintiff).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

LEHMAN, Justice.

Andrew Poletis sued the owner of the Sheridan Holiday Inn, John Q. Hammons Inc., for injuries he sustained while a guest at the hotel. Following a jury verdict in favor of Poletis, John Q. Hammons Inc. (hereinafter referred to as Holiday Inn) moved for a judgment notwithstanding the verdict or, in the alternative, for a new trial or reduction of the verdict. Holiday Inn now appeals the district court's denial of its motion. We affirm.

Appellant Holiday Inn presents the following issue for our review:

1. Did the district court err in allowing the jury verdict to stand and not award [sic] a verdict notwithstanding the judgment, a new trial, or a reduction in the verdict amount?

Appellee Poletis states the issues in this way:

1. Whether a party which presents no evidence at trial, and which argues the facts unsuccessfully to the jury and to the trial judge, may thereafter argue to this Court that the evidence should be reappraised here to support the party's view of the facts rather than the factual findings of the jury.

2. Whether this Court should create a rule of law requiring that the amount of actual damages must be limited to a specific multiple of the medical expenses, and should further apply such a rule retroactively.

## FACTS

Poletis and his family, on vacation from their home in Michigan, checked into the Sheridan Holiday Inn on the night of July 25, 1993. The next morning when Poletis was showering, he grasped the hand bar to lower himself down into the bathtub. As he lowered himself, the bar came out of the wall and Poletis fell, hitting his lower back on the tub. Poletis declined medical care at that time, but upon returning home from vacation he visited Dr. Loren Meengs, an orthopedic surgeon, because he continued to experience pain in his low back.

Dr. Meengs examined Poletis and reviewed his spine x-ray. He discovered that Poletis suffered from a congenital or long-standing problem of spondylolisthesis which, in his opinion, was not caused by the incident at the Holiday Inn. Dr. Meengs concluded, however, that Poletis suffered from a low back strain or contusion as a result of the fall, and he instructed Poletis to work on a gentle exercise program to stretch and strengthen the area. Poletis visited Dr. Meengs two other times, in June 1994 and again in August 1996, due to continuing back pain and discomfort. Both times, Dr. Meengs advised Poletis to continue his stretching and strengthening program as long as the pain and discomfort continued, and to use anti-inflammatories to keep any pain under control.

Poletis brought suit against Holiday Inn on April 12, 1995, alleging Holiday Inn's negligence resulted in injuries to his back. On October 9, 1996, the case was tried to a six-person jury. At trial, Poletis presented three witnesses: he and his wife testified in person, and the deposition testimony of Dr. Meengs was read to the jury. At the close of Poletis' case in chief, Holiday Inn moved for a judgment as a matter of law, arguing that Poletis had failed to introduce any evidence of Holiday Inn's negligence. After hearing argument from both parties, the court denied the motion. At that time the defense rested, choosing not to put on any witnesses. The jury found in favor of Poletis and awarded him $75,000. Holiday Inn filed a motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial or reduction of the verdict. The court denied Holiday Inn's motion and entered a judgment on the jury verdict on October 25, 1996. Holiday Inn timely appeals.

## DISCUSSION

### Motion for Judgment as a Matter of Law

Holiday Inn moved for a judgment notwithstanding the verdict, contending that the evidence presented at trial did not support a finding of negligence against Holiday Inn by the jury. Our standard of review is the same whether it arises in the procedural context of a motion for judgment as a matter of law prior to the submission of the case to the jury (formerly, a motion for a directed verdict) or in the context of a renewed motion for judgment as a matter of law after the jury has returned a verdict (formerly, a motion for judgment notwithstanding the verdict).[1] *Cody v. Atkins,* 658 P.2d 59, 62 (Wyo. 1983). We undertake a full review of the record without deference to the views of the trial court. *Ames v. Sundance State Bank,* 850 P.2d 607, 609 (Wyo.1993). The test to be applied is whether the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable persons could have reached. *Id.* We view the evidence in the light most favorable to the nonmoving party, and give that party the benefit of all reasonable inferences that may be drawn from the evidence. *Id.* When the facts permit the drawing of more than one inference, it is for the jury to choose which will be utilized. *Big–O Tires, Inc. v. Santini,* 838 P.2d 1169, 1176–77 (Wyo.1992). Since a judgment as a matter of law deprives the party opposing the motion of a determination of the facts by a jury, it should be cautiously and sparingly granted. *Cody,* 658 P.2d at 61.

In a negligence case, the plaintiff has the burden of proving four elements: 1) a duty, 2) a violation thereof, 3) which violation is the proximate cause of, 4) injury to the plaintiff. *Daily v. Bone,* 906 P.2d 1039, 1043 (Wyo.1995). The existence of a duty is a matter of law to be determined by the court. W. Page Keeton, et al., Prosser and Keeton on the Law of Torts § 37 (5th ed.1984) (hereinafter Prosser and Keeton).

The court determined the existence of a duty, and instructed the jury on the general standard of care Holiday Inn owed to Poletis: "An innkeeper must use ordinary care to keep the property in a reasonably safe condition for the purpose for which the property was reasonably intended." Since it is impossible to prescribe definite rules in advance for every combination of circumstances which may arise, the details of the standard are dependent on the facts in each particular case. Prosser and Keeton, *supra,* § 37. Under our system of procedure, this question is to be determined in all doubtful cases by the jury. *Id.;* Restatement, Second, Torts § 328C cmt. b (1965) (jury is expected to determine what the general standard of conduct requires in the particular case and, therefore, to set a particular standard of its own within the general one). In this case, then, it was for the jury to determine, based on the evidence presented and with the background of ordinary human experience, whether Holiday Inn exercised ordinary care to keep the property in a reasonably safe condition.

Negligence and proximate cause are never presumed from the happening of an accident, and mere conjecture cannot form the basis of liability. *Downen v. Sinclair Oil Corp.,* 887 P.2d 515, 520 (Wyo.1994). However, negligence, like other facts, can be proved by circumstantial evidence. Thomas A. Moore, Evidence in Negligence Cases § 5.2.4.1 (9th ed.1991); Prosser and Keeton, *supra,* § 39; Restatement, Second, Torts, *supra,* § 328D cmt. b. Circumstantial evidence is proof of facts or circumstances from which the existence or non-existence of other facts may reasonably be inferred. *Blakely v. State,* 542 P.2d 857, 863 (Wyo.1975) (suggesting jury instruction on circumstantial evidence). A reasonable inference, like the facts or circumstances on which the inference is based, is competent evidence and is not a mere presumption or guess. *Kobielusz v. Wilson,* 701 P.2d 559, 562 (Wyo.1985) (quoting 32A C.J.S. *Evidence* [§ 1341 (1996)]).

---

1. The Wyoming Rules of Civil Procedure no longer use the terms "directed verdict" and "judgment notwithstanding the verdict." *See* W.R.C.P. 50. Both are now termed "judgments as a matter of law." *See* W.R.C.P. 50; Wright & Miller, Federal Practice and Procedure: Civil 2d § 2521 (1995). More precisely, a motion for judgment notwithstanding the verdict is denominated a renewed motion for judgment as a matter of law. W.R.C.P. 50(b).

Poletis testified at trial that the bar came out of the wall when he put his weight on it. He stated that the wall where the bar came out was "punky soft" and that there was mold. Mrs. Poletis testified that when she came into the bathroom, she saw Poletis lying in the tub, with the bar in his hand, with the screw still in it. She stated that the "crumbled wall was all over the place" and tiles were missing. She described the wall where the bar detached as being "crumbly and rotted" and "mushy." Holiday Inn maintains that because there was no evidence of Holiday Inn's failure to maintain or inspect the bar, or that the bar was improperly installed or the wall improperly constructed, Poletis did not show that Holiday Inn violated its duty.

■ The mere fact that the bar came out of the wall, causing Poletis to fall, is not sufficient to show that Holiday Inn breached its duty to keep the hotel room in reasonably safe condition. However, Poletis and his wife both testified that the wall was mushy, crumbly and rotted where the bar came out. From this testimony, a jury could reasonably infer that the condition of the wall had occurred over a sufficiently long period of time that Holiday Inn, in the exercise of reasonable diligence, should have discovered and fixed the problem. "There are many known and obvious facts in the realm of common knowledge which speak for themselves, sometimes even louder than witnesses, expert or otherwise." *Chapman v. Pollock,* 69 N.C.App. 588, 317 S.E.2d 726, 732 (1984). Here, there was no expert testimony indicating the type of material behind the tiles or how long it would take to become crumbly and rotted. Even so, the jury could reasonably infer, based on common knowledge and ordinary human experience, that moisture had to have been accumulating behind the tiles for more than a short time for the wall to assume that appearance. *Audas v. Montgomery Ward, Inc.,* 79 Or.App. 718, 719 P.2d 1334, 1335 (1986).

Viewing the evidence in the light most favorable to the non-moving party, Poletis, and giving him the benefit of all reasonable inferences that may be drawn from that evidence, we cannot say that reasonable persons could have reached but one conclusion, that Holiday Inn was not negligent. Therefore, the court did not err when it denied Holiday Inn's motion for judgment as a matter of law.

### Motion for New Trial

In the alternative to its motion for judgment as a matter of law, Holiday Inn moved for a new trial or a reduction of the verdict pursuant to W.R.C.P. 59(a). As grounds for obtaining a new trial, Holiday Inn argued that the verdict is not sustainable by sufficient evidence, W.R.C.P. 59(a)(6), and that the damages are excessive and not sustained by the evidence, W.R.C.P. 59(a)(4), (5). We address those arguments in turn.

#### 1. Sufficiency of the Evidence

■ Different standards apply to a motion seeking judgment as a matter of law and a motion asking for a new trial on the ground that the verdict is against the weight of the evidence; a new trial motion is viewed more leniently. *Cody,* 658 P.2d at 63–64. On a motion for judgment as a matter of law, the court has no discretion whatsoever and considers only the question of law—whether there is sufficient evidence to raise a jury issue. *Id.* at 64. In contrast, a trial court is vested with broad discretion when ruling on a motion for new trial, and we will not overturn the court's decision except for an abuse of that discretion. *Id.* The trial court should grant a new trial when the evidence is insufficient to support the verdict, or whenever in the exercise of sound discretion the judge thinks a new trial is necessary to prevent a miscarriage of justice. *Id.* at 63.

The trial court, like the jury, heard the evidence and observed the witnesses. The court, by denying Holiday Inn's motion for a new trial, indicated its belief that under the circumstances of this case the verdict was supported by the weight of the evidence and no substantial injustice would occur by upholding the jury's verdict.

■ As we pointed out in our discussion of the motion for judgment as a matter of law, Poletis presented sufficient evidence to permit the jury to reach the issue of negligence. Poletis relied predominantly on circumstantial evidence to prove his case. However, circumstantial evidence is not evi-

dence of a lower order; the law makes no distinction between the weight to be given to either direct or circumstantial evidence. *Kobielusz*, 701 P.2d at 563; *Blakely*, 542 P.2d at 862–63. The jury must find the facts according to a preponderance of the evidence. PROSSER AND KEETON, *supra*, § 39; *Distad v. Cubin*, 633 P.2d 167, 180 (Wyo.1981). A preponderance of the evidence is that evidence from which reasonable persons may conclude that it is more likely than not that the event was caused by negligence. PROSSER AND KEETON, *supra*, § 39. We find no indication that the evidence presented was not credible. Holiday Inn made no attempt to impeach the witnesses or, for that matter, to put on any evidence at all.

Viewing the record as described above, we cannot say that the verdict was unsupported by the weight of the evidence. Holiday Inn points out nothing beyond its claim of insufficient evidence to show that the court abused its discretion. We, therefore, uphold the trial court's ruling as a proper exercise of its discretion.

### 2. Damages

 The jury awarded Poletis $75,000 in compensatory damages. Holiday Inn contends that the verdict is outrageous and grossly excessive considering that Poletis only showed $400 in medical expenses actually incurred, no past or future wage loss, no future medical expenses, and very little evidence of pain and suffering or loss of enjoyment of life.

 As discussed in the previous section, the power to order a new trial is committed to the sound discretion of the trial court. *Texas West Oil and Gas Corp. v. Fitzgerald*, 726 P.2d 1056, 1064 (Wyo.1986). Where the law provides no specific measure for quantifying damages, the amount to be awarded rests almost totally within the discretion of the jury. *Union Pacific R.R. Co. v. Richards*, 702 P.2d 1272, 1278 (Wyo.1985). Both trial and appellate courts are reluctant to interfere with the jury's decision unless the award, by its excessiveness or inadequacy, denotes passion, prejudice, bias or some erroneous basis. *Id.*

At trial, the jury heard testimony from Poletis and his wife of the ongoing effects of the injury. Poletis testified that he experiences a great deal of pain in his back and legs when he sits for long periods in the car or stands for several hours, both of which are requirements for his job as a salesman. He testified that he can no longer run without aggravating his back. Mrs. Poletis testified that her husband is not able to walk with the family anymore because he gets sore. She stated that when he rides his bike it alleviates the pain, but that activity takes time away from the family. She also testified that he must sometimes rearrange his work schedule to avoid long-distance driving if his back is too achy or sore.

The jury also heard Dr. Meengs' deposition testimony that Poletis could perform normal functions of daily living, but had to curtail more strenuous physical and recreational activities which he enjoyed. Dr. Meengs testified that, in his opinion, Poletis' pain was real, not feigned. Dr. Meengs noted that Poletis had had minimal back pain before the fall, and he expressed his belief that Poletis' current symptoms, persistent back pain of a greater degree of severity than he had previously experienced, were related to the fall. Dr. Meengs also stated that, although exercise alleviated the symptoms, Poletis was likely to continue to experience some pain and discomfort.

Taken together, the evidence amply supports the $75,000 awarded by the jury, and we find no evidence that passion or prejudice influenced the award. The court did not abuse its discretion when it denied Holiday Inn's motion seeking a reduction of the verdict or a new trial because of excessive damages.

### CONCLUSION

The evidence was sufficient to raise a jury issue as to whether Holiday Inn was negligent, and the court therefore properly denied Holiday Inn's motion for judgment as a matter of law. The weight of the evidence supported both the verdict and the damages award, and the district court did not abuse its discretion when it denied Holiday Inn's motion for a new trial or reduction of the

judgment. The judgment is affirmed in all respects.