**WESTERN SURETY CO., Appellant (Defendant),**

**Barbara Moore, (Defendant),**

v.

**TOWN OF EVANSVILLE, Wyoming, Appellee (Plaintiff).**

**No. 83–136.**

Supreme Court of Wyoming.

Jan. 18, 1984.

David A. Scott of Murane & Bostwick, Casper, for appellant.

Frank R. Chapman, Casper, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

CARDINE, Justice.

The Town of Evansville brought suit upon a bond issued by Western Surety Company to recover losses resulting from misappropriation of funds by the town treasurer and clerk of the municipal court. From a summary judgment granted appellee, Town of Evansville, Western Surety brings this appeal.

The sole issue presented for our determination, as stated by appellant, is whether:

"[The court] erred in granting a summary judgment in favor of the Appellee and against the Appellant, the summary judgment being granted on information contained in an affidavit submitted by the Appellee and in a written report prepared by the Office of the State Examiner of the State of Wyoming concerning certain financial books and records of the Appellee."

We will affirm the summary judgment in the amount of $25,000 for losses in each of the five years following the fiscal year ending June 1975, and remand for trial appellee's claim for the fiscal year commencing June 1974 and ending June 1975.

The state examiner undertook an audit of the books and accounts of the Town of Evansville for the period commencing July 1, 1978 through February 29, 1980. When large deficiencies were disclosed in this audit, material from two previous examinations for the periods December 1, 1973 through January 31, 1976, and February 1, 1976 through June 30, 1978, was re-examined and evaluated. As a result of the examinations, the town treasurer was charged with misappropriation of funds in the amount of $192,906.17 and thereafter pled guilty to a charge of "failure to account at the end of office." Section 6–7–306, W.S.1977. The town treasurer gave bond to the Town of Evansville in the amount of $5,000 conditioned that she would,

"* * * honestly * * * perform all the duties of * * * Treasurer * * * pre-scribed by law * * * with all reasonable skill, diligence, good faith and honesty safely keep and be responsible for all funds [received by virtue of the office] and pay over without delay * * * all moneys * * * [to her successor] * * *."

Admissions at the pretrial conference held in this case, as shown by the pretrial memoranda of the parties, were as follows:

"1. That Western Surety Company's bond 5530268 was initially issued on August 16, 1974, and executed by Barbara A. Moore, as Treasurer of the Town of Evansville, and Western Surety Company as surety, in the sum of $5,000.00, that said bond was renewed annually until it was cancelled by Western Surety Company as a result of the termination by the Town of Evansville of Barbara A. Moore's employment as treasurer of that town.

"2. That said bond provided coverage for losses up to and including the amount of $5,000.00 on an annual basis providing said losses were attributable to Barbara A. Moore in her capacity as Treasurer of the Town of Evansville."

Western Surety made further admissions in its statement of factual issues as follows:

"Defendant Western Surety Company does not dispute the amount of the loss claimed by the plaintiff nor that the losses are attributable to Barbara Moore. Neither does Western Surety Company dispute the findings stated in the offices [sic] of the State Examiner's report which is attached to the plaintiff's Complaint as an exhibit."

Appellant, Western Surety Company, filed a motion requesting that summary judgment be entered in favor of the Town of Evansville in the amount of $15,000 and no more than this amount. Appellant took the position that the only losses established by the examiner's report were for the years 1978, 1979, and 1980; that losses due to misappropriation of funds by the town treasurer exceeded $5,000 in each of those years; and that the maximum coverage provided by the bond issued by Western Surety Company was $5,000 for each year.

In essence, appellant's motion was an offer or confession of judgment in the amount of $15,000.

Appellee filed an affidavit in opposition to the motion for summary judgment. The affidavit was prepared by a certified public accountant employed by appellee. Although the affidavit was entitled "in opposition of," it did not "oppose" but sought summary judgment in the amount of $30,-000 or $15,000 more than the amount contended for by appellant. The parties raise no issue concerning timely filing of the affidavit, opportunity to respond to it or the propriety of entry of summary judgment. The dispute between them concerns only whether the summary judgment should be entered in an amount greater than $15,000.

The affidavit prepared by appellee's certified public accountant stated the following:

"4. That your Affiant has reviewed the State Examiner's report dated March 16, 1980 regarding the books and records of the Town of Evansville including receipts and deposits for January 1, 1975 to February 29, 1980 inclusive.

\* \* \* \* \* \*

"6. That the Town of Evansville was on a June to June fiscal year and that the bond coverage on Barbara Moore began in 1974 and continued thereafter from June to June each year.

"7. That beginning in December of 1975, deposits of currency from the Town of Evansville court fund fell drastically and were apparently compensated by monies from the Town's water sink fund being placed into the Town's general fund from which funds were used to cover the shortages.

\* \* \* \* \* \*

"10. That your Affiant has reviewed the available bank records of the Town of Evansville for the period 1975 through 1980 and it appears that there was over $5,000.00 loss in each year as a result of the cash deposit shortages and the water sink fund shortages for fiscal years 1975, 1976, 1977, 1978, 1979 and 1980."

The court entered summary judgment for the maximum loss covered under the bond in each year in a total amount of $30,000 in favor of appellee, Town of Evansville. Appellant contends the affidavit of the CPA should not have been considered because of its conclusory nature; that, in the absence of the affidavit, there was only the examiner's report for the court to consider; and that it was insufficient to support the entry of summary judgment for the six-year period in the amount of $30,000.

■ We have before us the report of the examiner, the affidavit of appellee's expert, and all other material that was before the district court when it considered this motion for summary judgment. On review our duty is the same as that of the district court in determining whether and to what extent summary judgment should be entered. *Dubus v. Dresser Industries,* Wyo., 649 P.2d 198 (1982).

■ A party seeking summary judgment has the burden of proving that there is no genuine issue of material fact. Any doubt as to the existence of such an issue is resolved against the party carrying that burden. *Underwater Storage, Inc. v. United States Rubber Company,* 371 F.2d 950 (C.A.D.C.1966), cert. denied 386 U.S. 911, 87 S.Ct. 859, 17 L.Ed.2d 784 (1967). Thus,

"* * * The court, upon considering a motion for summary judgment is compelled to closely scrutinize the moving party's document; whereas, the opposing parties' papers, if any, should be treated with some indulgence. * * *" *Continental Aircraft Sales v. McDermott Brothers Company,* 316 F.Supp. 232, 236 (D.C.Pa.1970).

■ In considering all of the materials presented, both in support of and in opposition to the motion for summary judgment, we view the record in a light most favorable to the party opposing the motion for summary judgment and give to that party the benefit of all favorable inferences that might be drawn from those materials.

*Schepps v. Howe,* Wyo., 665 P.2d 504 (1983); *Dubus v. Dresser Industries,* supra; *Bender v. New Zealand Bank & Trust (Bahamas) Ltd.,* 67 F.R.D. 638 (D.C. N.Y.1974).

 Here appellant filed a motion for summary judgment, but it was more in the nature of a confession of judgment in the amount of $15,000. Appellee filed an affidavit seeking entry of summary judgment in the amount of $30,000. To the extent that appellee sought summary judgment in an amount greater than $15,000, it was the moving party; and it is the affidavit it presented that we closely scrutinize as we view the evidence in a light most favorable to appellant.

Rule 56(e), W.R.C.P.[1], requires that affidavits filed in summary judgment proceedings "shall set forth such facts as would be admissible in evidence," and shall have attached thereto "copies of all papers or parts thereof referred to" in the affidavit. Appellee employed a certified public accountant as an expert who presented an affidavit that was partly factual but mostly contained opinions based upon a review of certain documents and records. He concluded that

"* * * deposits of currency from the Town of Evansville court fund fell *drastically* and were *apparently* compensated by monies from the Town's water sink fund * * *," (Emphasis added.)

and that

"* * * it *appears* that there was over $5,000.00 loss in each year ‰ * *." (Emphasis added.)

No supporting documents were attached, nor even identified, nor were facts stated supporting the opinions. If deposits of cash were less than usual, how much less were they, how often did that occur, and in what amounts?

 Affidavits used in summary judgment proceedings must set forth such facts as are admissible in evidence, and that is especially true when the affidavit contains significant opinions and conclusions that may be critical in the outcome of the case. It matters not that the opinion of an expert may be admissible at trial without first revealing the underlying facts and basis for that opinion. This is a summary judgment hearing and the requirements are different. The fact finder must have the material facts, determine whether they are in dispute, and if undisputed, whether judgment results as a matter of law. Thus, whether a lesser amount of cash deposits so clearly establishes that cash was misappropriated and that summary judgment should follow is for the court to decide.

 Opinion testimony must always be evaluated by the fact finder who must determine whether to accept it at all; and, if so, what weight should be accorded that testimony. Thus,

"* * * Expert evidence normally will not constitute sufficient support for a motion for summary judgment and will be more useful as a means of raising an issue of fact, since the weight to be given expert evidence is normally an issue for the trier of fact. * * *" *Castleberry v. Collierville Medical Associates, Inc.,* 92 F.R.D. 492, 493 (D.C.Tenn.1981).

The rationale for this proposition is that, "First, the trier of fact is entitled to weigh the credibility of the witness and

---

1. Rule 56(e), W.R.C.P., states:

"(e) Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond summary judgment, if appropriate, shall be entered against him."

to value his testimony in light of his demeanor on the stand * * *,"

and

" * * * Second, * * * the trier of fact is not bound by expert testimony and may substitute its own common-sense judgment for that of the experts. * * *" *Webster v. Offshore Food Service, Inc.,* 434 F.2d 1191 (5th Cir.1970), cert. denied 404 U.S. 823, 92 S.Ct. 44, 30 L.Ed.2d 50 (1971).

 There are some cases in which summary judgment may appropriately be entered upon expert opinion testimony. The cases generally are those in which the only issue is one requiring expert opinion, the case is of a highly technical nature, such that lay persons could not comprehend it, and expert testimony must be presented to decide the issue. If the expert opinion testimony, then, is not challenged by affidavit or otherwise controverted, it may form the basis for summary judgment. Especially is this true where the court or jury would not be at liberty to disregard the uncontroverted testimony of the expert. Cases generally satisfying these criteria have been in the field of medical malpractice. *Moncrief v. Fuqua,* Tenn.App., 610 S.W.2d 720 (1979); *Castleberry v. Collierville Medical Associates, Inc., supra; Webster v. Offshore Food Service, Inc.,* supra.

 Appellee's expert stated his opinion that it *appeared* that there was in excess of $5,000 loss for each of the six fiscal years from 1975 through 1980. That opinion was based upon his examination of the receipts, deposits, bank records, and other documents, none of which were before the court. The affidavit was one stating conclusions based upon an analysis of the evidence. Conclusions from an analysis of evidence of this kind generally cannot be used to support a summary judgment, *Peterson v. First National Bank of Lander,* Wyo., 579 P.2d 1038 (1978), but rather are for the fact finder—in this case the trial court. *Keyes Fibre Co. v. Chaplin Corp.,* 97 F.Supp. 605 (Me.1951). In this case, the affidavit of appellee's expert

does not satisfy the requirements we have set out for affidavits used in summary judgments. It does not disclose facts or demonstrate that there is no genuine issue of material fact. The case is not one of a highly technical nature. It should not be decided upon opinion evidence, at least where the basic facts underlying that opinion are not disclosed.

From all we have said, it is apparent that the affidavit presented by appellee, insofar as it presents opinions and conclusions resulting from an analysis of records not before the court, may not be considered for the purpose of awarding summary judgment. We look then to the balance of the material contained in the affidavit, the pleadings, answers to interrogatories, admissions, and report of the state examiner to determine whether summary judgment should be entered in this case, and, if so, in what amount. An examination of these materials discloses that the following is undisputed:

1. the Town of Evansville was on a June to June fiscal year;

2. the bond of appellant was in effect and renewed each year commencing in August 1974 and concluding early in 1980;

3. the findings contained in the report of the state examiner, including the total amount of the loss are correct;

4. the loss was attributable to the town treasurer in the performance of her duties as such;

5. the losses in each of the years 1978, 1979, and 1980 exceeded in amount $5,000.

The bond of the town treasurer was renewed on an annual basis and was in effect for each fiscal year beginning in 1974 and ending in 1980. We note from the state examiner's report that there was a shortage of funds in the amount of $193,447.66 in the Public Improvement Water Sink Fund. The report, with respect to that fund, indicates that through June 1975 the exact amount of money received by the treasurer was deposited regularly, about two months after receipt. This practice of

regular deposits continued into the next fiscal year, until fall of 1975, when the practice of regular deposits ceased. Thereafter, although monies were received each month, there were many months in which no deposits were made at all; then, later, large catch-up deposits would be made. During the fiscal year ending June 1976, there were seven months in which no deposits were made; and, at the end of that fiscal year, the treasurer had four months of receipts which were not deposited. And for the fiscal year ending June 1977, there were nine months in which no deposits were made; and, at the end of the fiscal year, ten months of receipts had not been deposited. Receipts averaged in excess of $6,000 each month, and, thus, the shortage for the fiscal year ending June 1976 was approximately $24,000; and for the fiscal year ending June 1977, the shortage exceeded $60,000.

■ These are the material facts. There is no genuine issue concerning them, nor do they give rise to any inference in favor of appellant as would preclude entry of summary judgment. These facts demonstrate a failure of the treasurer to perform her duties as required by the terms of her bond causing the surety to become liable thereon. There is no inference other than that the loss to the Town of Evansville exceeded $5,000 in each of the fiscal years ending June 1976 and June 1977. Appellant has admitted that recovery should be had for the subsequent three years. The total summary judgment, therefore, should be in the amount of $25,-000.

■ As to appellee's claim for the fiscal year ending June 1975, monies for each month were deposited by the town treasurer regularly each month in the correct amounts, two months after being received. These material facts are not in dispute. However, they do not lead to summary judgment as a matter of law, for different inferences may reasonably be drawn from these facts. Viewing the evidence in a light most favorable to appellant, as we must do, a reasonable inference might be that the treasurer neither misappropriated funds nor was in default upon the condition of her bond during fiscal year 1975, for she deposited monthly the correct amount of each month's funds, two months after receipt of same. The two-month delay in depositing might have been the town's standard business practice. Additional evidence may indicate otherwise, but at this stage of the proceeding, summary judgment should not have been entered in favor of appellee for the year 1975 in the amount of $5,000.

> " 'It is only where it is perfectly clear that there are no issues in the case that a summary judgment is proper. Even in cases where the judge is of opinion that he will have to direct a verdict for one party or the other on the issues that have been raised, he should ordinarily hear the evidence and direct the verdict rather than attempt to try the case in advance on a motion for summary judgment, which was never intended to enable parties to evade jury trials or have the judge weigh evidence in advance of its being presented.' " *Hughes v. American Jawa, Ltd.*, 529 F.2d 21 (8th Cir.1976).

■ We are cognizant of appellant's claim that deposits by the town treasurer over the six-year period, if applied to shortages during the first three years, would satisfy any claim as to receipts in those years—thus appellant's position that shortages exist for only the last three years. However, the bond here was one renewed annually providing coverage of $5,000 each year for losses in that amount occurring in any or all of the years covered. Therefore, we must look at each year separately to determine the losses covered by the bond. Shortages began after fiscal year 1975 and accumulated each year thereafter until discovered in 1980. Catch-up deposits were from receipts of the town's own money, a portion of which was being regularly withheld. To hold that shortages in prior years could be satisfied by depositing the town's own money in later years would be untenable—a result we cannot accept.

For the reasons stated, we affirm entry of summary judgment in favor of appellee in the amount of $25,000 representing recovery upon its bond in the amount of $5,000 for each of the five fiscal years following the fiscal year ending June 1975, and we remand for trial upon appellee's claim for the fiscal year ending June 1975.