Glen Lloyd LARSEN and Margaret Leann Larsen, husband and wife, individually, jointly and severally, Appellants (Defendants),

v.

H.C. ROBERTS, Jr., and Lavonne Roberts, husband and wife, Appellees (Plaintiffs).

No. 83–98.

Supreme Court of Wyoming.

Feb. 8, 1984.

Michael D. Zwickl, Casper, for appellants.

Robert O. Anderson of Andrews & Anderson, P.C., Riverton, for appellees.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

CARDINE, Justice.

This appeal is from the granting of a summary judgment in a civil action brought to foreclose a mortgage upon real property.

Appellants raise a single issue on appeal: "Whether the District Court may accept affidavits in support of a motion for summary judgment that were not filed contemporaneously with the motion as required by Wyoming Rules of Civil Procedure, Rule 6(d) [1] and without motion for leave of court for late filing."

We will affirm in part and reverse in part.

Mr. and Mrs. Larsen executed and delivered to Mr. and Mrs. Roberts a promissory note and mortgage in August 1980. The Larsens failed to make the 1982 payment and were in default. After demand for payment and no response, this action was instituted.

Appellees (plaintiffs) filed a motion for summary judgment without attaching affidavits in support of the motion. On the date of the hearing on the motion for summary judgment, appellants filed their reply to requests for admissions. Appellees, at the time of the hearing, filed and offered affidavits in support of their motion for summary judgment. Appellants objected to the affidavits upon the ground that they were not timely filed. Appellants' objections were overruled, the affidavits were allowed, filed, and considered by the court in granting summary judgment to appellees in the following sums:

| | |
|---|---|
| $40,000.00 | Principal |
| 3,000.00 | Interest to August 22, 1982 |
| 1,123.40 | Interest to March 16, 1983 |
| 4,000.00 | Penalty |
| 1,752.60 | Attorneys fees and costs to March 15, 1983, |

for a total judgment of $49,876.00.

The summary judgment also provided that additional attorneys fees and costs to be incurred in the future in the foreclosure and sale of the property would be allowed upon application to the court; and that if the amount claimed were disputed, said claim and dispute would be presented to the court for final determination.

The purpose of summary judgment is to dispose of suits before trial that present no genuine issue of material fact in a situation in which a party is entitled to judgment as a matter of law. Material facts may come before the court at any time in the form of pleadings, answers to interrogatories, depositions, and admissions, Rule 56(c), W.R.C.P.[2], and be considered at the hearing upon motion for summary judgment. Material facts may also be presented in affidavit form. However, when affidavits are used, they must be served with the motion for summary judgment as required by Rule 6(d), W.R.C.P., supra fn. 1; or, if not served with the motion,

(a) the statutory period for filing may be enlarged if the request is made before

---

1. Rule 6(d), W.R.C.P., provides:

 "(d) *For motions; affidavits.*—A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 5 days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application. When a motion is supported by affidavit, the affidavit shall be served with the motion; and, except as otherwise provided in Rule 59(c), opposing affidavits may be served not later than 1 day before the hearing, unless the court permits them to be served at some other time."

2. Rule 56(c), W.R.C.P., states:

 "(c) *Motion and proceedings thereon.*—The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * * "

the expiration of the period originally prescribed; and

(b) filing may be permitted, upon motion, after the expiration of the specified period, where the failure to act was the result of excusable neglect. Rule 6(b), W.R.C.P.[3]

The record before us is brief. Examination of that record discloses that,

(a) The affidavits in support of the motion for summary judgment were not attached to the motion at the time it was filed.

(b) No request to enlarge the time for filing was made prior to the expiration of the ten-day statutory period.

(c) No motion was made within the ten-day period to permit late filing because of excusable neglect.

 In *DeHerrera v. Memorial Hospital of Carbon Cty.*, Wyo., 590 P.2d 1342, 1344 (1979), we said that

" * * * the court can exercise its discretion under Rule 6(b) only if a request to do so is made [and that a failure to make a request was 'determinative' of the question]. * * * " (Emphasis omitted.) And where, after expiration of the originally prescribed period, a party made no showing of excusable neglect nor good cause for failure to file the motion contemplated, we held that the court properly refused to consider the affidavits offered. *Harris v. Grizzle*, Wyo., 625 P.2d 747 (1981). Thus, appellees' failure to make an appropriate request or file the motion contemplated is determinative in this case. The court should not have received nor considered appellees' affidavits presented and filed on the day of the hearing.

 The Rules of Civil Procedure provide an orderly process for the determination of controversies. They are intended to provide notice to a party of the other's contentions, a fair opportunity to discover and develop the entire case and meet those contentions, and to avoid surprise—all to the end that a just result is more probable. To condone a practice which permits parties to simply ignore the rules will defeat their purpose. Thus, where the moving party, as in this case, has failed to comply, there is not often a reasonable justification for the failure. He is in control of the situation. He can file his motion for summary judgment at any time he chooses. Ordinarily he should not file it nor set it for hearing until it is ready to be heard. When he undertakes to do otherwise, and the decision is against him or the hearing must be vacated, he has only himself to blame.

 We examine the record now to determine if, leaving out of consideration the late-filed affidavits, there were before the court material facts about which there were no genuine issues, as would permit entry of the summary judgment. Request for Admissions was served upon appellants February 16, 1983. Attached to the Request for Admissions were the promissory note of appellants, mortgage, and letter of notice of default and demand for payment. Answer to Request for Admissions was filed by appellees on March 16, 1983, the date of the hearing on the motion for summary judgment. The Answer to Request for Admissions was properly before the court for consideration at the summary judgment hearing. It establishes the execution of the promissory note and mortgage, the fact of non-payment, the amount

---

**3.** Rule 6(b), W.R.C.P., provides:

"(b) *Enlargement.*—When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court, or a commissioner thereof, for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as ex-

tended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), (d) and (e), 60(b), 72.1, 73(a) and (g), and 75(b), except to the extent and under the conditions stated in them. (Rule 7, D.Ct.)"

due and interest, notice of default and demand, and all elements necessary to entry of summary judgment. There was nothing before the court upon which attorneys fees could be awarded, except the late-filed affidavit of appellees' attorney; and we have already held that this affidavit should not have been considered by the court.

The summary judgment granted appellees, therefore, is in all respects affirmed except that portion of it awarding attorneys fees to appellees' attorney which is reversed. This case, therefore, is remanded to the district court for further proceedings not inconsistent with this opinion.