**Birdie HICKEY, individually and as guardian and next friend of Derek Hickey, Ted Hickey, and Travis Hickey, minors; and Ted Hickey and Connie Hickey, Appellants (Plaintiffs),**

v.

**Warren BURNETT; and Burnett & Ahders, Associated, a Texas association, Appellees (Defendants).**

No. 84–282.

Supreme Court of Wyoming.

Oct. 15, 1985.

Donald J. Sullivan, Cheyenne, for appellants.

Harley J. McKinney, Rock Springs, and Anthony A. Johnson of Rector, Retherford, Mullen & Johnson, Colorado Springs, Colo., for appellees; oral argument by Johnson.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

CARDINE, Justice.

This action, commenced July 31, 1981, against a Texas lawyer and his professional association, alleged that they were guilty of legal malpractice in their representation of appellants in a lawsuit which had been dismissed three months earlier by the United States District Court for the District of Wyoming. In addition to the claim of negligence, a second claim was made that the wrongful acts of appellees resulted in damage to appellants from the intentional or reckless infliction of severe emotional distress. The present appeal is taken from entry of summary judgment against the appellants-plaintiffs who contend that the district court erred in incorrectly deciding questions of culpable negligence which were not susceptible to determination at the summary judgment stage and also that the district court's decision was based upon materials not properly before the court.

We reverse the district court for the reason that appellees failed to properly support their motion for summary judgment below as required by our prior decisions and Rule 56, W.R.C.P.

In their brief appellants phrase the issues:

"1. Did the trial court err in treating the question of culpable negligence as amenable to summary judgment?

"2. Did the trial court err in granting summary judgment upon the circumstances of this case?

"3. Did the trial court err in granting summary judgment where the motion was supported by no admissible evidence?"

Appellees counter with the following articulation:

"1. Whether the trial court erred in granting Defendant/Appellees' Motion for Summary Judgment.

"(a) Do the undisputed facts demonstrate absence of cause of action for any

culpable negligence of any co-employees of Appellants' decedent?

"(b) Do the undisputed facts demonstrate 'culpable negligence' on the part of Appellants' decedent?"

Our resolution of the question: whether the motion for summary judgment was supported by material facts properly before the court, is dispositive of this appeal; and we will not address the other contentions of the parties.

Appellants are the surviving spouse, minor children, and parents of Lonnie L. Hickey who was electrocuted on May 23, 1978, when he grasped an energized electrical cable while employed as a mine foreman in Sweetwater County, Wyoming. In September 1979, appellants employed appellees as their legal representative to pursue a wrongful death action on their behalf. In May of 1980, a complaint, alleging that the death of Lonnie L. Hickey was caused by the defective design and manufacture of the electrical cable, was filed by appellees on behalf of the appellants in Wyoming state district court. This action was subsequently removed to the United States District Court for the District of Wyoming for further proceedings. This federal court products liability action was terminated by entry of summary judgment on May 1, 1981, in favor of the named defendants, no evidence having been produced that defendants had either manufactured or sold the allegedly defective cable. No appeal was taken from the federal court's summary judgment.[1]

On July 31, 1981, appellants' complaint in the instant proceedings was filed. As noted by the district court in its decision letter, appellants' contentions of negligence against the appellees focused upon alleged errors and omissions in the preparation of the federal court products liability case and the failure to pursue a claim based upon culpable negligence against the co-employees of appellants' decedent under the appli-

cable Wyoming law, see, § 27–12–103, W.S. 1977, and *Barnette v. Doyle*, Wyo., 622 P.2d 1349 (1981). During discovery appellees took the depositions of the appellant, Birdie Hickey, and the Wyoming attorney originally employed by them in the federal court action. In addition, written interrogatories were served upon appellants which were not answered until the court entered an order compelling discovery or in the alternative providing for dismissal of the case. Following a pretrial conference, held on June 21, 1983, the court entered a pretrial order which adopted by reference the parties' joint statement and ordered that the parties submit written briefs on questions of law involved in the case. Appellees filed a motion for summary judgment together with a supporting brief on June 7, 1984.

Appellants responded with a memorandum in opposition to motion for summary judgment with an attached affidavit by an experienced Wyoming attorney. In their memorandum appellants pointed out that appellees failed to file any supporting materials with the motion for summary judgment. Appellees, in their reply brief, argued that the motion for summary judgment incorporated the exhibits endorsed by them on the joint statement including the contents of the federal court file and the depositions taken in these earlier proceedings. The depositions taken by appellees in the instant case were not attached nor filed with the summary judgment motion.

A written decision letter granting the motion for summary judgment was issued by the district court on July 27, 1984. In reaching his decision, the district judge relied exclusively upon the contents of the record in the previous federal court litigation to establish the lack of a genuine issue of material fact as required for the issuance of summary judgment by Rule 56(c), W.R.C.P.[2] Unfortunately, the con-

---

1. Present counsel for appellants had filed an appearance in the federal court action on their behalf at the time summary judgment was entered.

2. Rule 56(c), W.R.C.P., provides in pertinent part:
   "The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may

tents of that record were *not* filed with the court below nor are they part of the record presently before this court.[3]

In reviewing cases in which summary judgment has been granted our task is identical to that of the district court. *Roth v. First Security Bank of Rock Springs, Wyoming,* Wyo., 684 P.2d 93 (1984); *Schepps v. Howe,* Wyo., 665 P.2d 504 (1983); *Hyatt v. Big Horn School District No. 4,* Wyo., 636 P.2d 525 (1981). As explained in *Reno Livestock Corp. v. Sun Oil Co. (Delaware),* Wyo., 638 P.2d 147, 150 (1981):

"When a motion for summary judgment is before the supreme court, we have exactly the same duty as the district judge; and, if there is a complete record before us, we have exactly the same material as did he. We must follow the same standards. The propriety of granting a motion for summary judgment depends upon the correctness of a court's dual findings that there is no genuine issue as to any material fact and that the prevailing party is entitled to judgment as a matter of law. This court looks at the record from the viewpoint most favorable to the party opposing the motion, giving to him all favorable inferences to be drawn from the facts contained in affidavits, depositions and other proper material appearing in the record."

■ The problem in this case is that the materials relied upon by the district court in issuing summary judgment were not properly before the court but were provided by appellees' counsel outside of the record without the knowledge of appellants.[4] In *Larsen v. Roberts,* Wyo., 676 P.2d 1046, 1048 (1984), this court condemned the practice of late filing of affidavits in support of a motion for summary judgment noting:

"The Rules of Civil Procedure provide an orderly process for the determination of controversies. They are intended to provide notice to a party of the other's contentions, a fair opportunity to discover and develop the entire case and meet those contentions, and to avoid surprise—all to the end that a just result is more probable. To condone a practice which permits parties to simply ignore the rules will defeat their purpose. Thus, where the moving party, as in this case, has failed to comply, there is not often a reasonable justification for the failure. He is in control of the situation. He can file his motion for summary judgment at any time he chooses. Ordinarily he should not file it nor set it for hearing until it is ready to be heard. When he undertakes to do otherwise, and the decision is against him or the hearing must be vacated, he has only himself to blame."

In this case the documents and materials relied upon were not filed late. They simply were not filed at all.

It has long been the position of this court that the party moving for summary judgment has

"a definite burden to clearly demonstrate there is no genuine issue of material fact, * * * and unless this is clearly demonstrated no such judgment should be granted * * *." (Citations omitted.) *Kover v. Hufsmith,* Wyo., 496 P.2d 908, 910 (1972). See also, *Western Surety Co. v. Town of Evansville,* Wyo., 675 P.2d 258 (1984); *Fugate v. Mayor and City Council of Buffalo,* Wyo., 348 P.2d 76, 97 A.L.R.2d 243 (1959).

serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

3. At the time of oral argument it was indicated that the federal court file was provided directly to the district judge by counsel for the appellees.

4. The district court did not rely upon judicial notice to apprise itself of the contents of the federal court record. Cf., *St. Louis Baptist Temple, Inc. v. Federal Deposit Insurance Corporation,* 605 F.2d 1169 (10th Cir.1979).

Appellees in the present case utterly failed to meet this burden upon the record before the trial court.

■ The only materials other than the pleadings properly before the court at the time of its consideration of the motion for summary judgment were the affidavit submitted in opposition to the motion by appellants, the facts contained in the parties' joint statement, and the answers to appellees' interrogatories. Viewing these materials in the light most favorable to appellants, as we must, *Western Surety Co. v. Town of Evansville,* supra, we find substantial questions of material fact exist which preclude the granting of summary judgment. In particular, those materials establish only that appellees agreed to represent appellants in the wrongful death action; that such an action was filed based upon a theory of products liability; that the federal court action was dismissed upon the defendants' motion for summary judgment for the reason that there was no evidence linking those defendants to the *allegedly defective cable; that appellees* failed to conduct any discovery in that action; and that appellee, Warren Burnett, filed a stipulation to dismiss the lawsuit with prejudice without informing appellants and sought to withdraw from the case. Based upon this record, it is apparent that the material facts properly before the court do not establish that appellees were entitled to judgment as a matter of law.

### THE DISSENT

■ The dissent states that because "the federal case file was designated in the Joint Pretrial Statement as an exhibit that 'will be produced,' * * * appellants * * * made a representation that such 'will be done,' * * * [and]

\*      \*      \*      \*      \*      \*

"'* * * inasmuch as both parties intended such evidence to be presented in the trial, * * *'"

it was proper for the trial judge to enter summary judgment based upon such evidence although it was not *filed* in support of the motion nor contained in the court file. We have not before heard of this procedure in summary judgment proceedings. Perhaps it was the common law. Whatever it was, it is not presently the law for Rule 56(e), W.R.C.P., provides in part:

> "Sworn or certified copies of all papers or parts thereof referred to in an affidavit *shall be attached* thereto *or served therewith.* The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. *When a motion for summary judgment is made and supported as provided in this rule* an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond summary judgment, if appropriate, shall be entered against him." (Emphasis added.)

The Wyoming Rules of Civil Procedure were adopted to promote an orderly and efficient means for the handling and disposing of litigation. Compliance with these rules of procedure in summary judgment matters is mandatory. *Larsen v. Roberts,* Wyo., 676 P.2d 1046 (1984). Appellees here, ex parte, forwarded materials to the court for its consideration but did not file them. This method of supporting a motion for summary judgment does not satisfy mandatory requirements nor is it within the spirit and intent of the rules. It must be condemned. It will not support entry of summary judgment.

The dissent suggests remand to supplement the record on appeal. The material relied upon by the trial court was never filed and never became a part of the district court records. The record cannot be supplemented with material that is not contained in the record below. We, therefore, see no alternative but to reverse the summary judgment and remand for further proceedings. The parties can still refile their motion for summary judgment, but this time they hopefully will comply with

the requirements of the Wyoming Rules of Civil Procedure for such motions, and appellants will have a fair opportunity to traverse what is filed and may be able to show an issue of fact which must be determined upon trial.

The summary judgment entered by the district court is reversed and the case remanded for further proceedings consistent with this opinion.

ROONEY, Justice, dissenting.

## PREAMBLE

The result reached by the majority opinion is founded on the alleged failure to make the file of the United States District Court a part of the record in the trial court and the failure to include such file in the record before us. The majority opinion notes that the district judge,

"relied exclusively upon the contents of the record in the previous federal court litigation to establish the lack of a genuine issue of material fact as required for the issuance of summary judgment by Rule 56(c), W.R.C.P. Unfortunately, the contents of that record were *not* filed with the court below nor are they part of the record presently before this court." (Footnotes omitted and emphasis in original.)

The record before us contains briefs of both parties as presented to the district court in connection with pretrial matters and with the summary judgment, and it contains the opinion letter of the judge, all of which refer to the material in the file on the federal case as a basis for argument and for holding. The briefs of the parties on this appeal do likewise. One of the trial court's bases for the summary judgment was undisputed facts which establish culpable negligence on the part of Lonnie L. Hickey, for whose death appellants base their claim. The trial court quoted from Restatement, Torts 2d, § 503(3):

"A plaintiff whose conduct is in reckless disregard of his own safety is barred from recovery against a defendant whose reckless disregard of the plaintiff's safe-ty is a legal cause of the plaintiff's harm."

The court concluded that appellees':

"'* * * decision not to proceed with a culpable negligence action was an 'honest exercise of professional judgment', based on an informed decision and may not be the subject of a legal malpractice action. * * *'"

The summary judgment issued accordingly.

## RECORD IN DISTRICT COURT

Although not filed with the clerk of court, the record of the federal case was before the trial court in connection with the motion for a summary judgment. Rule 56(c), W.R.C.P., includes "pleadings" among that which is to be considered in determining the propriety of a summary judgment. In his Pretrial Order, the district judge stated that:

"1. This pretrial order includes the Joint Statement, supersedes the pleadings, and shall govern the course of the trial of this cause, * * * and is hereby modified in the following particulars: See Schedule A attached hereto and by this reference made a part hereof."

Schedule A recites in part: "Each witness and exhibit named or listed * * * in the Joint Statements *will be produced* at the trial * * *" (emphasis added). In Attachment A to the Joint Pretrial Statement, signed by the attorney for appellants and the attorney for appellees, appellants list as a witness:

"A representative of the Clerk of the United States District Court for the District of Wyoming will testify, if necessary, to the identity and contents of the official federal court file, or a copy thereof, including the deposition transcripts taken and filed therein, all relating to the underlying litigation initiated by Defendant Burnett."

Both appellants and appellees list the file on the federal case as an exhibit. Appellants describe it as, "Federal court file (duplicate) including deposition tran-

scripts." Appellees describe it as, "Federal Court file."

Inasmuch as the Pretrial Order considered that contained in the Joint Pretrial Statement as superseding the pleadings, and inasmuch as the federal case file was designated in the Joint Pretrial Statement as an exhibit that "will be produced" at trial, and inasmuch as appellants, themselves, made a representation that such "will be done," the trial judge properly considered the federal case file in deciding the motion for a summary judgment.

## RECORD IN THIS COURT

The federal case file is not included in the record on appeal to this court. Any party desiring it to be considered by us had the obligation to designate it for inclusion in the record on appeal. As the majority opinion states, there is not sufficient information in the record on appeal to confirm the trial court's reference to facts which establish without contradiction that:

"* * * It is obvious that the immediate cause of Mr. Hickey's death was handling an energized cable in violation of company rule. He was the foreman and also in charge of safety. If anyone should have known the safety rules and the damages of the operation he should have. He chose to ignore the very rules he was obligated to see were obeyed. If anyone was culpably negligent, it was he. * * *"

## CONCLUSION

Inasmuch as the record before us does not include all that which was before the trial court, and inasmuch as both parties intended such evidence to be presented in the trial, and inasmuch as a reversal of this case will only result in another motion for summary judgment with such evidence being attached for consideration resulting in another appeal, I would remand for the specific purpose of supplementing the record on appeal with the federal case file.