Ira E. **KOONTZ** and Velma A. Koontz, Appellants (Defendants),

v.

**TOWN OF SOUTH SUPERIOR,** Wyoming, Appellee (Plaintiff).

No. 85–155.

Supreme Court of Wyoming.

March 27, 1986.

---

Jay Dee Schaefer and Paul Schierer (argued), of Schaefer & Newcomer, Laramie, for appellants.

Edward J. Hess (argued), and Warren W. Dill, Jackson, for appellee.

Before THOMAS, C.J., and ROONEY,* BROWN, CARDINE and URBIGKIT, JJ.

CARDINE, Justice.

In this appeal we must determine whether a district court may decide a case upon briefs submitted by the parties when those briefs are not accompanied by either a motion for judgment or a stipulation of facts. We reverse the district court's order and remand for further proceedings without reaching the merits.

On October 9, 1984, the town of South Superior filed a civil complaint against Ira and Velma Koontz in the district court. The town sought a declaratory judgment stating that it had acquired a prescriptive easement for a road through the Koontzes' real property. After the Koontzes filed an answer, the town moved for an order permitting it to file a brief on the legal issues likely to arise in the case. This motion led to a stipulation in which both parties agreed that the legal issues should be briefed. The court approved a briefing schedule and briefs were submitted.

The parties did not formally stipulate to any facts prior to briefing but instead made short, and to some extent, contradictory statements of facts in their briefs. Some of the factual contentions were supported by affidavits and maps appended to the briefs but most were simply bald assertions that remained to be proven.

In its brief, the town contended, as a matter of law, that a municipality can acquire an easement by prescription in Wyoming. The town also brought up the possibility that the disputed real estate had been dedicated to it by common law, a claim which it had never pled. The Koontzes argued in their brief that a Wyoming municipality lacks the power to acquire an easement by prescription. They also maintained that their property had never been dedicated to the town's use, either statutorily or by common law.

After the briefs had been filed, the Koontzes moved the court to order oral arguments on the briefs. In that motion, the Koontzes inaccurately stated that "[t]he Parties hereto entered into a Stipulation submitting the above-entitled matter to the Court on Briefs." In reality, the parties' stipulation to a briefing schedule did not indicate that the court should make a decision based only on the briefs. The Koontzes admitted in their motion for oral argument that the affidavits accompanying the briefs were an insufficient factual basis for a decision. Their motion said:

"A review of said Briefs will show an imposing array of facts which oral arguments might help clarify. * * * All evidentiary facts must be presented by Affi-

---

* Retired November 30, 1985.

davit attached to the respective Briefs. Oral arguments may very well help clarify and explain those Affidavits."

Apparently relying on the Koontzes' statement that the case had been submitted on stipulated facts, the district court issued an opinion letter without granting oral argument and without taking any evidence in the case. In that opinion letter the court stated:

"I have assumed that the parties, in requesting a briefing schedule, intended that the Court decide this case on the basis of those briefs."

The court held in favor of the town and issued an order which stated:

"[T]he Town of Superior has acquired title by adverse possession in the portion of Lot 20, 21, and 22 of Block 12, Original Plat to the Town of Superior, Wyoming that is traversed by Division Street." [1]

The Koontzes have appealed from the court's order.

The orderly administration of our court system depends on adherence to the established rules of civil procedure. *Hickey v. Burnett*, Wyo., 707 P.2d 741 (1985). Novel procedures created by the parties or a district court will often cause surprise and unfairness. *Larsen v. Roberts*, Wyo., 676 P.2d 1046, 1048 (1984). Even if the participants are not surprised at the trial level, novel procedures force the appellate courts to enter uncharted territory beyond any familiar guidelines and standards. Almost twenty-five years ago this court held that the time had passed for lenient application of the rules of civil procedure. The court stated that "hereafter there must be careful adherence to all of the provisions of the Wyoming Rules of Civil Procedure." *Ruby v. Schuett*, Wyo., 360 P.2d 170, 172 (1961). We also pointed out that ignorance of the rules is no excuse. Id. at 173.

The case at bar represents an excessive departure from established procedures and must be remanded. We cannot treat the court's order as one granting summary judgment to the town of South Superior. "The appropriate procedure for seeking summary judgment is by making a motion under Rule 56," [2] yet neither of the parties made such a motion—either orally or in writing. Even if such a motion had been made orally, it would not have been proper under Rule 7(b), W.R.C.P., which requires all motions, except those made at a hearing or trial, to be made in writing, to state with particularity the grounds therefor, and to set forth the relief or order sought.

Nor could we style the procedure employed as a motion for judgment on the pleadings which was converted to a motion for summary judgment. No motion for judgment on the pleadings under Rule 12(c), W.R.C.P., was ever made; and, even if it was, it could not have been converted into a motion for summary judgment absent notice to the parties. See *Kimbley v. City of Green River*, Wyo., 642 P.2d 443, 445 (1982).

In several recent cases we have permitted district courts to decide cases based upon briefs and stipulated facts without a summary judgment motion. *State ex rel. Scholl v. Anselmi*, Wyo., 640 P.2d 746 (1982); *Goodwin v. Upper Crust of Wyoming, Inc.*, Wyo., 624 P.2d 1192 (1981). This procedure, which is sometimes called an agreed case, really amounts to a condensed trial by the court under Rule 39(b), W.R.C.P., in which the parties stipulate to the facts and submit briefs which are the equivalent of pretrial memoranda. Rule 16, W.R.C.P.; 3 Am.Jur.2d Agreed Case § 1. It is justified by Rule 1, W.R.C.P., which states that the Rules of Civil Procedure should be construed "to secure the just, speedy and inexpensive determination of every action."

---

1. The court's order is of concern substantively as well as procedurally. The court granted the town a fee title to the disputed property by adverse possession although the town prayed only for a prescriptive easement in its complaint.

2. 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 2d § 2719 at 3 (1983).

This is not to say that we can approve the procedure followed in every agreed case on the grounds of speed and efficiency. "Rule 1 places the objectives of 'speedy' and 'inexpensive' on a plane of equality with 'just.'" 4 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1029 at 131 (1969).

■ In order to make an agreed case a just proceeding there are certain requirements that must be met. First, there must be "a clear statement of the facts agreed on." 3 Am.Jur.2d Agreed Case § 12 at 732; see *Fugate v. Mayor and City Council of Town of Buffalo*, Wyo., 348 P.2d 76, 81, 97 A.L.R.2d 243 (1959). Second, the statement of facts must "be sufficient in itself to enable the court directly to draw conclusions of law determinative of the matter in controversy." 3 Am.Jur.2d Agreed Case § 14 at 733. Finally, "the statement of facts constituting an agreed case should be made part of the record in the proceeding, lest there be no basis for review of the judgment." Id. § 16 at 734.

■ It is clear from the record that the parties did not present an agreed case that could produce a just result. They did not enter a stipulation of facts from which the district court could draw legal conclusions. Nor can a stipulation be found in the record upon which we can ground our appellate review. The district court rendered judgment on its assumption that the parties had submitted the case for determination on the briefs. Yet there was no motion by either party indicating that the facts had been sufficiently developed for such a decision. Consequently, the surprise order was based only on conflicting and inadequate affidavits. The adjudication may have been speedy and inexpensive as encouraged by Rule 1, W.R.C.P., but it was unjust.[3]

■ The town has argued that the Koontzes are estopped from denying the validity of the court's order because they invited that order in their motion for oral argument. We disagree. Although the Koontzes stated in their motion for oral argument that the parties had entered into a stipulation submitting the case on briefs, they did not admit that the case was factually ripe for an adjudication. In fact, they stated in the motion that oral argument was necessary to clarify the affidavits. We note also that the town admitted at oral argument that it was surprised when the district court issued its order deciding the case. If the Koontzes' motion for oral argument clearly requested an immediate decision by the court, then we wonder why the town was surprised when the court made that decision.

In a sense, the town is playing with fire when it argues in support of the procedure employed in this case. There was insufficient evidence before the court to support the town's adverse possession. Were we to hold that the procedure in this case was adequate, then we would reverse the trial court's decision on the merits because the town failed to carry its burden of proving adverse possession. The town would be barred by res judicata from any future action on the adverse possession claim. This is exactly what happened in *State ex rel. Scholl v. Anselmi*, supra, which was a case properly submitted to the district court on stipulated facts and briefs. When the plaintiff in *Anselmi* failed to include sufficient proof of damages in the parties' stipulation, we held that his "claim for damages must fail in the absence of any proof." Id. at 750.

---

**3.** We believe that the affidavits attached to the parties' briefs would have been insufficient to support summary judgment in the town's favor even if a proper summary judgment motion had been made. None of the affidavits or exhibits even mentioned whether the public's use of the roadway was adverse. Adversity is a key element of both prescription and adverse possession. *Yeckel v. Connell*, Wyo., 508 P.2d 1200, 1202 (1973). Moreover, we have recently held that a court may not grant summary judgment based on facts which are not properly before the court. *Hickey v. Burnett*, Wyo., 707 P.2d 741 (1985). Perhaps after remand the parties will be able to eliminate the factual issues by presenting additional affidavits. Then the district court might be able to enter summary judgment after a proper motion. It is possible also that a trial will be necessary.

When we reverse and remand a case due to procedural errors, we sometimes address the legal issues that are likely to arise again after remand. We do so with the intent of saving judicial resources. *Kimbley v. City of Green River*, supra. Such a procedure is not appropriate, however, when the parties "may present material which will create a dispute as to material facts, and which may make it necessary to inquire into them to clarify the application of the law." Id. at 446. In this case it is apparent that the parties must develop facts, some of which could render a decision on the legal issues unnecessary. Under these circumstances, we decline to render an advisory opinion upon the adverse possession, prescriptive easement and common law dedication issues.

Reversed and remanded.

ROONEY, J., filed a dissenting opinion.

ROONEY, Justice, dissenting.

I find the record completely adequate to support the procedure and action taken by the district court.

The parties filed a "Stipulation and Motion Regarding Order to File Briefs" in which they recited, among other things:

"WHEREAS the attorneys for both parties feel that there exists a substantial body of law which supports these respective positions, * * * "

Attached to the motion and stipulation was an order which was eventually entered. It set a briefing schedule as requested in the motion and stipulation.

In effect, the parties stipulated that there was no issue as to a material fact and recognized that the matter should be decided on the legal issues to be briefed. Whether this amounted to a joint motion for summary judgment or whether it amounted to that referred to in the majority opinion as an "agreed case" (which was recognized therein as having been approved by this Court in the cases there cited), the obvious intent of both parties and the court at that point in the proceedings was that the matter should be determined on the legal issues as argued in the briefs. Having set up the trial court in this fashion, we should not allow or approve a contest of the procedure by one of the parties against whom the court ruled in accordance with the procedure to which that party agreed. If not subject to estoppel, *Amfac Mechanical Supply Co. v. Federer*, Wyo., 645 P.2d 73 (1982); *National Crude, Inc. v. Ruhl*, Wyo., 600 P.2d 716 (1979); *Pickett v. Associates Discount Corporation of Wyoming*, Wyo., 435 P.2d 445 (1967), at least appellants invited any error.

The majority opinion notes appellants' contention that a municipality cannot acquire an easement through adverse possession. The opinion questions the existence of the adverse nature of appellee's possession of the disputed real property, and it comments on the trial court's holding that appellee was to have the real property in fee simple rather than having an easement over it. The letter opinion of the trial court reflected the propriety of its holding on these issues. In it Judge Hamm sets forth the basis therefor in a manner requiring no enhancement by me. In it he said:

"Section 1–32–202, W.S., 1977 provides:

" 'An action may be brought by a person in possession of real property against any person who claims an estate or interest therein adverse to him, for the purpose of determining the adverse estate or interest. The person bringing the action may hold possession himself or by his tenant.'

"This section was apparently renumbered 1–33–301 by the Wyoming Session Laws of 1977, although there is no indication of such change that I could find in Volume 2 of the Code of Civil Procedure.

"*Consolidated Const., Inc. v. Smith*, 634 P.2d 902 (Wyo.1981) held, quoting Section 8–1–102 (a)(vi), W.S., 1977:

" 'Section 8–1–102(a)(vi) provides:

"[' "](a) As used in the statutes unless the legislature clearly specifies a different meaning or interpretation or the context clearly requires a different meaning:

\*      \*      \*      \*      \*      \*

"[' "] (vi) 'Person' includes an individual, partnership, corporation, joint stock company or any other association or entity, public or private; * * * ["] (Emphasis added.)

" 'This section was designed to provide a general definition of the term "person" to be applied to all of the Wyoming Statutes unless the legislature clearly specifies a different meaning or interpretation or the context clearly requires a different meaning. When we read this quoted passage, which we might add is also clear and unambiguous, the obvious intent of the legislature was to have the definition of "person" apply unless the legislature superseded its application with specific language, or the context of the specific statutory provision requires a different meaning.'

"I am unable to find or hold here that the legislature intended any different meaning with respect to the power of a town to claim property by adverse possession.

"*Amick v. Elwood,* 77 Wyo. 269, 277, 314 P.2d 944, (Wyo.1957) seems to speak for the proposition that a town can maintain a quiet title action. Footnote 4, 77 Wyo. 269 says:

" 'Where town acquired title to property and undertook to convey good title to property to federal bureau, and federal bureau was in position analogous to that of tenant, and had some buildings on part of property, *town could maintain action to quiet title against lien claimant who was not in possession.*'

"The Court's actual language, on Page 277 is:

" 'The town council of Glendo had title and it undertook, it seems, to give the Federal Bureau of Reclamation a good title. The latter, while not exactly a tenant, occupied a position analogous thereto, *and it has been held that is sufficient to enable the owner to bring an action to quiet title under a statute such as ours.* 74 C.J.S. § 32, p. 59.'

"I see no inconsistency in the language. The court held that 'The *owner*' could bring a quiet title action, and at some point in

those proceedings the town of Glendo was the owner.

"It is evident from the record that the street has existed probably since at least 1911, and certainly since 1947, and was maintained by the county up until about 1957. After that, the street has been, and is being, maintained by the town of South Superior without objection by defendants or their predecessors in title. It has been used by the public for well over 38 years, which no one denies. Clearly, the possession, maintenance and use by the town has been 'actual, open, notorious, exclusive and continuous for the statutory period, and under color of title or claim of right.' Thus, in *City of Rock Springs v. Sturm,* 39 Wyo. 494, 273 P. 908, 910, 97 A.L.R. 1, it is said:

" 'The specific character of possession necessary to make the bar effective is not specified, but courts have uniformly required it to be adverse and have generally stated, as did this court in *Bryant v. Cadle,* 18 Wyo. 64, 104 Pac. 23, 106 Pac. 687, that *in order that possession may be adverse it must be actual, open, notorious, exclusive and continuous for the statutory period, hostile and under color of title or claim of right. Courts are agreed that when actual possession is had, as in the case at bar, color of title is not necessary unless expressly required by statute. Bryant v. Cadle,* supra; 2 C.J. 125.'

"The same case also stated as follows, which statement was also quoted with approval in *Meyer v. Ellis,* 411 P.2d 338, 343 (Wyo.1966):

" '* * * The law contemplates that rights in land may be lost to another by means of adverse possession. We are not the judges of the wisdom of that. The prime object in prescribing how such adverse possession shall be made manifest, of what elements or requisites it shall be composed, is to advise the real owner that his ownership is in danger, and the law has deemed the time fixed as sufficiently long, so as to give him ample opportunity to protect his right; and if

he fails to do so, when thus advised, within the time fixed, he is considered as having acquiesced in the transfer of ownership. *Monnot v. Murphy*, 207 N.Y. 240, 100 N.E. 742. Bearing this in mind, it is a reasonable rule that, when a man has occupied a piece of ground, though under a mistaken belief as to the true boundary, for the period prescribed by law, openly, notoriously, exclusively, and in a manner plainly indicating that he acted as owner thereof, the presumption should be, in the absence of explanatory circumstances showing the contrary, that he occupied the land adversely and under a claim of right, casting the burden of explaining such possession upon the person who disputes his right. * * *'

"I am fully in accord with plaintiff where it states.

" 'Throughout their brief, the Koontzes repeatedly point to the 1981 proposed Agreement (Koontz Exhibit D) as proof that the Town made no prior claims of ownership or prescriptive use as required. Both the Federal Rules of Evidence 408 and W.R.E. 408 state that evidence of offering a valuable consideration in compromising a claim which was disputed as to either validity or amount is not admissable (sic) to prove liability for the claim or its amount. The Advisory Committee Notes to F.R.E. 408 states that the evidence is irrelevant since the offer may be motivated by a desire for peace rather than from any concession of weakness of position.'

"Also in *Doeng v. Garber*, 665 P.2d 932, 937 (Wyo.1983) the Court held:

" 'Nonpayment of taxes on adversely possessed land, while a consideration, does not in itself destroy an adverse possession claim. *Rutar Farms and Livestock, Inc. v. Fuss*, supra [651 P.2d 1129]; *Meyer v. Ellis*[,] Wyo., 411 P.2d 338 (1966). Nonpayment of taxes by the claimant is usually the case where use to a fence line rather than deed line is the primary basis of the claim. As pointed out in Meyer our Wyoming statute does not require payment of taxes in order to

establish adverse possession as do some states. All the other facts and circumstances in the case now before us override any question of taxes. There was no error in that regard.'

"For the above reasons, as well as any additional reasons cited in plaintiff's briefs consistent herewith, I find that the Town of South Superior, which I have heard has changed its name to Superior, has acquired title by adverse possession to the lands occupied by Division Street where it is now, and has been, physically located, and that the defendants are estopped from exercising any right of ownership over said lands and should remove the trailer they have placed thereon. Even if I am in error on the fee title aspects, I also believe that at the least the town has acquired an easement by prescription. It matters little as the result is the same." (Emphasis in original.)

I would affirm.